324 So.2d 674 (1975)
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a Massachusetts Corporation, Appellant,
v.
MARK-A, INC., a Florida Corporation, Appellee.
No. 75-544.
District Court of Appeal of Florida, Second District.
December 23, 1975.
Sam Bucklew, of Bucklew, Ramsey, Ott & Gardner, Tampa, for appellant.
Martin N. Strelser, of Lancaster & Strelser, Tampa, for appellee.
PER CURIAM.
Appellee, Mark-A, Inc., filed suit against appellant, John Hancock Mutual Life Insurance Company, claiming that upon an inventory taken by appellee it was determined that a quantity of furniture, entrusted to the appellant, was missing. The cause was tried on the theory of bailment before the court without a jury. Final judgment was entered in favor of appellee, assessing damages against appellant in the amount of $8,000. Appellant timely filed this appeal.
We have considered the three points raised by appellant and deem that only one of them merits discussion. This issue concerns the basis upon which the trial court awarded damages to appellee.
We agree with the well-established principles that awards for damage must be supported by evidence and cannot be based on speculation and conjecture. On the other hand, the law is also clear to the effect that where damages cannot be precisely and mathematically determined, the trial judge is vested with reasonable discretion in making awards of damages. We are persuaded that the trial judge's award in this case is not based substantially on speculation, but, rather, on a sound exercise of discretion in a reasonable manner and on sufficient competent testimony.
We hold that the trial judge was correct in his rulings of law and his findings of fact are supported by substantial evidence.
Affirmed.
McNULTY, C.J., and HOBSON and BOARDMAN, JJ., concur.