433 So.2d 7 (1983)
CLEARWATER ASSOCIATES, a Limited Partnership, Appellant,
v.
HICKS LAUNDRY EQUIPMENT CORPORATION, Appellee.
No. 82-2069.
District Court of Appeal of Florida, Second District.
May 18, 1983.
Rehearing Denied June 20, 1983.
*8 Joe R. Wolfe of Clearwater, for appellant.
John T. Allen, Jr., and Sarah M. Chaves of John T. Allen, Jr., P.A., St. Petersburg, for appellee.
PER CURIAM.
This is a lawsuit by a laundry operator against the purchaser of an apartment complex for breach of the contract governing operation of the laundry facilities. The contract had been entered into between the laundry operator and the prior owner of the complex. The trial court found that the purchaser was bound by the contract and awarded damages to the laundry operator. The purchaser appeals.
On the record before us we cannot say that the trial court had no basis to find the purchaser bound by the contract under the trial court's construction of all the evidence relative to the conduct of the parties. The evidence included acceptance of rents by the purchaser; knowledge by the purchaser of the laundry operator's occupancy of the premises; a period of delay between the time the purchaser agreed to buy the complex and the time the purchaser first notified the laundry operator of its intention not to be bound by the contract; testimony by the prior owner relating to obligations of the purchaser; and a letter from the purchaser which the trial court construed adversely to the purchaser  all of which was against the background of steps taken by the laundry operator to modify the laundry facility to comply with the terms of the contract. The dealings between the parties in all of those respects are not entirely clear from the record, but the trial court's final judgment is entitled to a presumption of correctness. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Oceanic International Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981).
The purchaser also contends that the trial court erred in its assessment of the amount of damages awarded to compensate the laundry operator for profits lost as result of the breach. The purchaser disputes the validity and weight given to many of the factors used by the laundry operator to determine his lost profits. However, uncertainty as to the precise amount of, or difficulty in proving, damages does not preclude recovery if there is some reasonable basis in the evidence for the amount awarded. Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA 1975). Where damages cannot be precisely determined, the trial judge is vested with reasonable discretion in making the award of damages. John Hancock Mutual Life Ins. Co. v. Mark-A, Inc., 324 So.2d 674 (Fla. 2d DCA 1975). We cannot say that the record in this case does not provide reasonable basis for the trial court's award.
As to appellant's remaining contentions, we are unable to establish from the record that the trial court erred.
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY and LEHAN, JJ., concur.