HERSEY, Judge.
Rodgers Construction, Inc., appellant here, entered into a subcontract with Jets-tar Development, Inc., appellee, whereby the latter was to perform both interior and exterior work in the construction of a Holiday Inn hotel and a restaurant. Appellant Federal Insurance Company was the surety on Rodgers’ payment and performance bond.
Substantially into the final phase of its work on the Holiday Inn project, Jetstar was terminated and Rodgers completed performance of the work required under the subcontract.
Jetstar brought an action for breach of contract seeking damages for wrongful termination and additionally for payment for corrective work performed pursuant to an agreement entered into by the parties. Rodgers defended against these claims by alleging (1) improper or defective workmanship, (2) failure to meet construction time schedules, and (3) Jetstar’s financial inability to meet its payroll and to pay suppliers. In addition, Rodgers asserted a counterclaim seeking damages for delay, additional costs of completion, additional overhead, lost profits and fees and costs.
Pursuant to an agreed order, the trial court bifurcated the proceedings. The issue of liability was tried first before the court without a jury, resulting in a determination that Rodgers breached the contract and that Jetstar was therefore entitled to damages. Following a nonjury trial the court entered an amended final judgment awarding damages to Jetstar. Rodgers appeals and Jetstar cross appeals those judgments.
The thrust of the main appeal is that the trial court misconstrued the contract and that its findings are not supported by substantial competent evidence. Whether or not the trial court misconstrued the contract requirement of a seventy-two hour notice of termination is immaterial where that determination was not pivotal in resolving the issue of liability. The ultimate finding was that, regardless of the intent of that provision, Rodgers did not have a contractual right to terminate Jetstar under the facts developed at trial. We agree with that determination and conclude that the remaining findings of the trial court were supported by substantial competent evidence requiring an affirmance. See Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Oceanic Int’l Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981).
Jetstar poses two questions on cross appeal. The first is whether the trial court erred in reducing the amount of damages otherwise due from Rodgers by its finding that Jetstar’s claim based upon the inside work had been exaggerated by a factor of ten percent. The degree of completion was calculated by reference to a “schedule of values” which, in turn, was interpreted by the testimony of witnesses on both sides of the controversy. Because there was conflicting evidence, we cannot second-guess the trial court’s conclusion. A trial court is vested with reasonable discretion in awarding damages where they cannot be precisely determined, Clearwater Assocs. v. Hicks Laundry Equip. Corp., 433 So.2d 7 (Fla. 2d DCA 1983); Jon Hancock Mut. Life Ins. Co. v. Mark-A, Inc., 324 So.2d 674 (Fla. 2d DCA 1975), and its award will not be overturned on appeal if supported by competent substantial evidence. Pearce & Pearce, Inc. v. Kroh Bros. Dev. Co., 474 So.2d 369 (Fla. 1st DCA 1985).
The second issue presented by the cross appeal involves compensation for corrective work that Jetstar undertook by virtue of a separate agreement between the parties. Because of defective work by other subcontractors, Jetstar could not proceed with its “outside” work until corrective measures were taken. Jetstar agreed to do that work for extra compensation. The agreement in question placed the burden on Jetstar to bill separately for corrective work as opposed to contract work. This issue assumes that Jetstar was required to proceed in a manner which would have permitted substantiation of its requisitions for payment for corrective work. Of eighteen such requisitions, six were paid and twelve were contested.
*615 Our resolution of this issue does not depend upon whether or not we accept Rodgers’ interpretation that Jetstar was required to use a separate plastering crew to perform the corrective work. What is clear is that Jetstar had the burden of proof in segregating the corrective from the contract work. The trial court found that this burden was not met. Confronted with conflicting evidence, we are not in a position to overturn that conclusion even though the equities lean heavily toward Jetstar on this issue. Accordingly, we affirm.
AFFIRMED.
GLICKSTEIN, C.J., and LETTS, J., concur.