639 So.2d 1105 (1994)
Patricia A. HEIDLE, Appellant,
v.
S & S DRYWALL AND TILE, Inc., Appellee.
No. 93-965.
District Court of Appeal of Florida, Fifth District.
July 22, 1994.
Martin C. Boire, DeLand, for appellant.
James R. Clayton of Clayton & Teal, P.A., DeLand, for appellee.
THOMPSON, Judge.
Patricia A. Heidle ("Heidle") appeals from a final order denying her recovery of attorney's fees from S & S Drywall, Inc. ("S & S"). We find that Heidle was the prevailing party. We reverse and remand for imposition of attorney's fees and costs.
S & S sued Heidle to foreclose a mechanic's lien and for recovery of $10,840.00 for labor and materials provided in the construction of Heidle's home. S & S sought attorney's fees. Heidle filed an answer and counterclaim alleging that S & S's lien was fraudulent. She sought damages and the recovery of attorney's fees and costs for discharging the lien.
After a year had passed with no action in the case, Heidle moved to dismiss the *1106 entire case for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). The complaint, answer and counterclaim were dismissed. Subsequent to the case being dismissed, Heidle's attorney moved for attorney's fees and costs. S & S's attorney objected to the motion arguing that the court had no jurisdiction because the entire case had been dismissed and the trial court did not reserve jurisdiction to determine and impose attorney's fees and costs. The trial court, relying upon Stockman v. Downs, 573 So.2d 835, 837 (Fla. 1991) ("a claim for attorney's fees, whether based on statute or contract, must be pled" to afford the opposing party notice) denied Heidle's motion. The trial court did, however, tax costs in favor of Heidle in the amount of $492.00. The trial court's reliance upon Stockman, is misplaced. Id. The fact that Heidle's pleading containing the attorney's fees claim was dismissed when her motion to dismiss for lack of prosecution was granted does not mean the claim for attorney's fees was not made. The record is clear that S & S received appropriate notice. The trial court did have jurisdiction. The only issue remaining is whether Heidle was the prevailing party.
Section 713.29, Florida Statutes (1991), which deals with construction liens, provides:
In any action brought to enforce a lien under this part, the prevailing party is entitled to recover a reasonable fee for the services of [the party's] attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of [the party's] costs, as allowed in equitable actions.
This statute is mandatory and requires the trial court to award attorney's fees to the prevailing party. Sanfilippo v. Larry Giacin Tile Co., Inc., 390 So.2d 413 (Fla. 4th DCA 1980). Thus, a landowner who successfully resists a mechanic's lien claim is entitled to an attorney's fee under this section, even if the landowner fails to prevail on a competing claim such as one for slander of title, see O'Kon & Co., Inc. v. Riedel, 588 So.2d 1025 (Fla. 1st DCA 1991), or for breach of contract. See Java v. Atlas, Inc., General Contractors, 500 So.2d 606 (Fla. 1st DCA 1986). Heidle prevailed on the significant issue in the case, the foreclosure of the mechanic's lien, because the case was dismissed. Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976) (where mechanic's lien claim is voluntarily or involuntarily dismissed, party against whom the claim was brought is the prevailing party and is entitled to attorney's fees); Fla. R.Civ.P. 1.420(d). The fact that S & S filed the lawsuit does not preclude Heidle from recovering an attorney's fee in the lawsuit because she had a claim arising out of the same transaction. See Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla. 1993). We reverse with instructions that the trial court determine and award Heidle her attorney's fees and costs as the prevailing party.
REVERSED and REMANDED with direction.
DAUKSCH and GRIFFIN, JJ., concur.