PER CURIAM.
Both parties appeal from the trial court’s award of damages to the Apontes for Exotic Pools’ breach of contract. We reverse because there is no reasonable basis in the evidence to support the trial court’s award of $9,000.00.
The Apontes contracted to pay Exotic Pools $44,570.00 for the construction of a pool, pool deck, and screened-in enclosure at the Apontes’ home. Exotic Pools was to tie the pool deck into an existing deck by covering the existing deck and the pool deck with a simulated stone covering to make the two decks appear uniform. The Apontes filed suit against Exotic Pools for breach of contract following completion of the construction because the deck did not drain properly. After a bench trial, the court concluded that *797 Exotic Pools breached the contract; the parties do not contest this finding as to liability on appeal.
Exotic Pools presented an expert who testified that a commercial trench drain would cost $1,500.00 and would drain a substantial amount of water from the deck; however, he admitted that his solution was based on the assumption that water would flow towards the drain, and further admitted that pools of water would form on the deck if water got into the improperly-sloped area. The Apontes presented expert testimony that the deck had to be replaced at a cost of $38,-245.00 and that the commercial trench drain would not solve the drainage problem. The court awarded the Apontes $9,000.00.
Where the performance of a contract is defective, the measure of damages is the reasonable cost of making the performed work conform to the contract. Lockhart v. Worsham, 508 So.2d 411 (Fla. 1st DCA 1987). This maxim is subject to the exception that, where construction in accordance with the contract would involve unreasonable economic waste, the measure of damages for defective construction is the difference between the value of the item contracted for and the value of the performance received. Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037 (Fla.1982).
The evidence must support an award for damages. John Hancock Mutual Life Ins. Co. v. Mark-A, Inc., 324 So.2d 674 (Fla. 2d DCA 1975). This is not a case where there is some reasonable basis in the evidence for the amount awarded, even though the damages could not be precisely and mathematically determined. E.g., Clear-water Assocs. v. Hicks Laundry Equip. Corp., 433 So.2d 7 (Fla. 2d DCA 1983); Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA 1975). Rather, the testimony here provided that the damages were either $38,245.00 or $1,500.00. The difference between the figures lies in the plaintiffs’ view that they are entitled to construction which conforms to the contract, and the defendant’s view that the plaintiffs’ method of cure would amount to economic waste. By its ruling, the trial court appears not to have decided that crucial question.
There is no reasonable basis in the evidence for the trial court’s award of $9,000.00. We therefore reverse for the trial court to make an award based on the evidence presented.
Reversed and remanded.
WARNER, KLEIN and SHAHOOD, JJ., concur.