765 So.2d 129 (2000)
KENMARK CONSTRUCTION, INC., a Florida corporation, Appellant,
v.
Michael CRONIN, Appellee.
No. 2D99-228.
District Court of Appeal of Florida, Second District.
June 21, 2000.
Rehearing Denied July 26, 2000.
*130 Henry Paul Johnson of Henry Paul Johnson, P.A., Naples, for Appellant.
Peter T. Flood, Naples, for Appellee.
Neil H. Butler of Butler & Dudley, Tallahassee, for Amicus Curiae Florida Home Builders Association.
ALTENBERND, Acting Chief Judge.
Kenmark Construction, Inc. (Kenmark), appeals a final judgment of foreclosure in a construction lien case. The trial court ruled in favor of Kenmark on its complaint for foreclosure, but then declined to award attorneys' fees to either party. We must reverse.
In October 1997, Kenmark sued Michael Cronin pursuant to chapter 713, Florida Statutes (1995), to foreclose a construction lien in the principal sum of $10,113.53. Mr. Cronin filed an answer containing affirmative defenses and a counterclaim seeking damages for breach of contract and fraud. The case was tried in the fall of 1998. The trial court generally found in favor of Kenmark, but allowed Mr. Cronin a setoff of $2,247.01. Thus, the redemption amount in the judgment of foreclosure totaled $9,038.99.
When orally announcing its judgment, the trial court stated that it doubted whether Kenmark had built the house in a proper and workmanlike manner or that Mr. Cronin would be able use the house in the way he had wanted. Nevertheless, the trial court entered the judgment of foreclosure in favor of Kenmark and against Mr. Cronin. It is well-established that a judgment on a construction lien requires a determination of substantial performance, not strict performance. See Poranski v. Millings, 82 So.2d 675, 678 (Fla.1955). The monetary award in this case is consistent with a determination of substantial performance by Kenmark. Although the trial court questioned Kenmark's construction methods, it rejected Mr. Cronin's counterclaim and did not find a breach of contract by Kenmark. Mr. Cronin did not appeal the adverse ruling on his counterclaim.
When entering the judgment of foreclosure, the trial court used a proposed judgment prepared by one of the parties. The trial court struck through some language on the proposed judgment that would have awarded attorneys' fees to Kenmark. Instead, the trial court inserted a ruling that Kenmark had "not prevailed on a significant issue" in the foreclosure action. The trial court did not, however, rule that Mr. Cronin had prevailed on a significant issue. As a matter of barnyard equity, the trial judge wanted to deny fees to both parties because he sensed that Kenmark's workmanship was sloppy, even though Mr. Cronin had not proven a breach of contract.
The Florida Home Builders Association, as amicus curiae, encourages us to hold that a trial court is compelled to find a prevailing party in every construction lien case. They maintain that the Third, Fourth, and Fifth Districts have already so held. See Hollub Constr. Co. v. Narula, 704 So.2d 689 (Fla. 3d DCA 1997); Heidle v. S & S Drywall and Tile, 639 So.2d 1105 (Fla. 5th DCA 1994); Sanfilippo v. Larry Giacin Tile Co., 390 So.2d 413 (Fla. 4th DCA 1980). The Second District has not issued an opinion that conflicts with these decisions and, thus, they are binding on trial courts in the Second District. See Pardo v. State, 596 So.2d 665, 666 (Fla. 1992).
We need not announce any bright-line rule in this case that would apply to all such cases. The trial court's factual ruling about the absence of a prevailing party on the "significant issues" is clearly erroneous and not supported by competent, substantial *131 evidence.[1]See Holland v. Gross, 89 So.2d 255, 258 (Fla.1956); Bradley v. Waldrop, 611 So.2d 31, 32 (Fla. 1st DCA 1992). The trial court may regret that Kenmark prevailed in this foreclosure action, but it cannot deny that Kenmark did prevail on the significant issues. Kenmark is entitled to an award of attorneys' fees.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] This case does not involve a "net judgment." See Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993). The net judgment rule applies when the contractor does not recover pursuant to a lien but obtains a net judgment of damages under other principles of contract or equity. Thus, although the owner defeats the lien, he is still liable for a net judgment of damages. In this case, the contractor did recover pursuant to the lien, thus entitling him to attorneys' fees pursuant to chapter 713.