836 So.2d 1031 (2002)
CDI CONTRACTORS, LLC., et al., Appellants,
v.
ALLBRITE ELECTRICAL CONTRACTORS, INC., Appellee.
No. 5D02-627.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
Rehearing Denied January 31, 2003.
*1032 Kevin P. Kelly of Gray, Harris & Robinson, P.A., Orlando, for Appellants.
James C. Baker, Jr. of Friday, Eldredge & Clark, Little Rock, for Appellants pro hac vice.
Paul M. Woodson of Adorno & Yoss, Fort Lauderdale, for Appellee.
SHARP, W., J.
CDI Contractors, L.L.C. ("CDI") and Rouse-Orlando, Inc. ("Rouse") appeal an amended final judgment entered in favor of Allbrite Electrical Contractors, Inc. ("Allbrite") on the issue of attorney's fees. Appellants argue that the trial court erred in merging two separate cases into one, which resulted in its entering a net judgment and denying them attorney's fees. We agree and reverse in part.
Succinctly stated, the relevant facts for the purposes of this appeal are that CDI, a general contractor, contracted with Rouse, the landowner, to construct the Oviedo Mall. CDI subcontracted the electrical work for the shell of the mall to Allbrite, and later subcontracted the electrical work for the Regal Cinemaplex (also part of the mall) to Allbrite.
Disputes arose and when the parties were unable to settle them, Allbrite filed two separate lawsuits against CDI and Rouse. The first lawsuit involved the work it had performed on the mall (the Mall case). The second lawsuit involved the work it had performed on the cinemaplex (the Cinema case). In both cases, Allbrite sought damages and enforcement of its mechanic's lien. The mechanic's lien was based on damage claims against CDI. CDI and Rouse filed counterclaims in both cases. By stipulation, the parties agreed that the cases should be consolidated for the purposes of discovery and trial.
Prior to trial, Rouse dismissed its counterclaim against Allbrite in the Cinema case. Also prior to trial, Rouse transferred Allbrite's claim of lien to a lien transfer bond in the Mall case. These cases were tried in November of 1999. The jury returned a verdict in favor of Allbrite in the Mall case for $499,034.53. In the Cinema case, the jury returned a *1033 verdict against Allbrite, and awarded CDI the sum of $154,011 on its breach of contract claim. The trial court entered a judgment notwithstanding the verdict in the Cinema case which was appealed by CDI. This court reversed and remanded with directions to reinstate the verdict.[1]
On remand, the trial court treated the consolidated actions as though they were merged into one case. It entered a net judgment[2] in favor of Allbrite for $345,023.53, plus interest, by deducting CDI's award in the Cinema case from the award made to Allbrite in the Mall case. The trial court then awarded attorney's fees to Allbrite pursuant to section 713.29, and denied the same to appellants.
The purpose of consolidating cases is to minimize expense and delay. Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 4th DCA 1981). Consolidation affects the procedure of the cases, but has no effect on the substantive rights of the parties in an individual case, and does not destroy their separate identities. See Kight v. American Eagle Fire Ins. Co. of N.Y., 125 Fla. 608, 170 So. 664, 666 (1936); Shores Supply Co. v. Aetna Cas. & Sur. Co., Inc., 524 So.2d 722 (Fla. 3d DCA 1988); Wagner. Thus, the trial court erred in treating these two cases as merged.
A party is entitled to recover fees pursuant to section 713.29 if successful in prosecuting or defending a mechanic's lien cause of action. Harper Plumbing & Heating Co., Inc. v. Noel, 448 So.2d 587 (Fla. 5th DCA 1984); Encompass, Inc. v. Alford, 444 So.2d 1085 (Fla. 1st DCA 1984). This is true even where a lawsuit is dismissed. Heidle v. S & S Drywall and Tile, Inc., 639 So.2d 1105 (Fla. 5th DCA 1994).
Accordingly, in the Cinema case Rouse is entitled to an attorney fee award because it prevailed on the lien claim. § 713.29, Fla. Stat. Because the claim on which CDI prevailed was a breach of contract claim, it is not entitled to fees under section 713.29. However, the lien claim against Rouse was based solely on Allbrite's breach of contract claim, which was defeated by CDI. Therefore, on remand the trial court must apportion (if possible) the fees attributable to CDI's breach of contract claim in the Cinema case, and the fees attributable to Rouse in defeating the lien in that case.[3]
We affirm the attorney's fees award to Allbrite in the Mall case.[4] Allbrite is entitled to a separate judgment for damages, interest, attorneys fees and costs in the Mall case.
Similarly, in the Cinema case, CDI and Rouse are entitled to a separate judgment for damages, interest, and costs. Rouse is entitled to an attorney's fee award in defeating the lien claim under section 713.29 in the Cinema case.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB, J. and ROUSE, JR., R.K., Associate Judge, concur.
NOTES
[1] See CDI Contractors, L.L.C. v. Allbrite Electrical Contractors, 780 So.2d 963 (Fla. 5th DCA 2001).
[2] See Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993)(net judgment rule). The net judgment rule applies when a contractor does not recover pursuant to a lien but obtains a net judgment, in the same action, for damages under other principles of contract or equity. Kenmark Construction, Inc. v. Cronin, 765 So.2d 129, 130, n. 1 (Fla. 2d DCA 2000).
[3] Case No. 98-947-CA15.
[4] Case No. 98-946-CA15.