839 So.2d 731 (2003)
DCC CONSTRUCTORS, INC., Appellant,
v.
YACHT CLUB SOUTHEASTERN, INC. and General Accident Insurance Company of America, Appellees.
No. 3D01-3125.
District Court of Appeal of Florida, Third District.
January 22, 2003.
Rehearing and Certification Denied March 7, 2003.
*732 Holland & Knight, and Jim McCrae, Orlando, and Heather Pinder Rodriguez (Orlando), for appellant.
Welbaum, Guernsey, Hingston, Greenleaf & Gregory, and W. Frank Greenleaf, Coral Gables; Greenberg Traurig, and Alan T. Dimond, Miami, for appellees.
Before COPE, GERSTEN, and SHEVIN, JJ.
PER CURIAM.
DCC Constructors, Inc. ("DCC") appeals a final judgment denying its claim for attorneys' fees under Section 713.29, Florida Statutes (1999). Yacht Club Southeastern Inc. ("YCS") and General Accident Insurance Company of America ("insurance company") cross-appeal the trial court's finding that a payment in the form of a personal check was not valid to satisfy a partial judgment which would toll interest on the judgment.
We reverse on the main appeal, finding DCC prevailed in its enforcement of a lien and is thus entitled to attorneys' fees under Section 713.29. We affirm on the cross-appeal because a personal check is not the equivalent of cash or certified funds.
DCC and YCS entered into a contract for the construction of a condominium. After several disputes arose over the building's construction, DCC recorded a claim of lien on the property. YCS and the insurance company transferred the lien to surety bonds pursuant to Section 713.24, Florida Statutes (1999). DCC then filed a demand for arbitration with the American Arbitration Association. Two months later, DCC filed a complaint against YCS, seeking relief under Section 713.24, and also seeking to compel arbitration.
Thereafter, the parties voluntarily agreed to submit the matter to arbitration. An arbitration panel awarded $1,875,893.00 to DCC, subject to a $355,676.00 set-off awarded to YCS on YCS's non-appealed *733 counterclaim. The net award to DCC totaled $1,520,217.00.
The trial court subsequently entered an order confirming the arbitration award, and granting a partial judgment against YCS based solely upon the arbitration panel's decision. This partial judgment included a provision withholding execution and reserved jurisdiction on DCC's pending claims against the lien transfer bond. The trial court denied DCC's motion for summary judgment on YCS's and the insurance company's counterclaim and affirmative defenses of fraudulent lien under Section 713.31, Florida Statutes (1999).
Several months later, YCS and the insurance company tendered a personal check to DCC in the amount of $1,637,748.93, as satisfaction of the partial judgment and interest owed. Since the tender was made by personal check and DCC disputed the interest calculation, DCC filed a motion requesting that the funds be deposited in the court registry. The trial court granted the motion to place the funds into the court registry. The trial court further held the personal check was not a valid tender, and thus was legally insufficient to stop the running of interest on the partial judgment.
Thereafter, the trial court, sua sponte, ordered the parties to non-binding arbitration on the remaining issues. At the commencement of this non-binding arbitration, YCS and the insurance company again tendered to DCC a check, this time in the form of a cashier's check in the amount of $1,665,574.76. DCC accepted the cashier's check as partial satisfaction of judgment.
YCS's fraudulent lien claim, and DCC's claim for attorney's fees, were then submitted to non-binding arbitration. The arbitration award found DCC's claim of lien was not fraudulent and that DCC was entitled to attorney's fees for time spent enforcing its claim against the lien transfer bond in circuit court, but not for the time spent in arbitration.
DCC moved for a trial de novo on the issue of its entitlement to attorneys' fees. The trial court found that DCC was not entitled to attorneys' fees under Section 713.29, because DCC was not the prevailing party in an action to enforce a lien transfer bond.[1] We disagree.
DCC was the claimant in an action to recover under a construction lien (formerly referred to as a "mechanic's lien"). As this court has previously noted: "When a claimant in a mechanic's lien action recovers a judgment in any amount, a trial court errs in not finding the lienor the `prevailing party' and awarding attorney's fees pursuant to Section 713.29 of the Florida Statutes." Hub Cap Heaven, Inc. v. Goodman, 431 So.2d 323 (Fla. 3d DCA 1983)(footnote omitted). Since DCC received a net award after arbitration on its sole cause of action, and also successfully defeated all of the defendants' affirmative defenses and counterclaims, it was entitled to attorney's fees as the prevailing party under Section 713.29. See Hollub Const. Co. v. Narula, 704 So.2d 689 (Fla. 3d DCA 1997).
Turning to YCS's and the insurance company's cross-appeal, a judgment creditor has the right to refuse a personal check in satisfaction of a judgment and to insist on payment by cash or certified funds. See In re Estate of Woodruff, 647 So.2d (Fla. 4th DCA 1994); Hudgins v. *734 Florida Federal Sav. and Loan Ass'n, 399 So.2d 990 (Fla. 5th DCA 1981).
Unlike a certified check, a personal check does not offer any guarantees that it will be honored and thus "the proffer of a personal check is not the equivalent of cash or a certified check." Keanie v. Goldy, 698 So.2d 1264, 1267 (Fla. 5th DCA 1997); see also Warren Finance, Inc. v. Barnett Bank of Jacksonville, N.A., etc., 552 So.2d 194 (Fla.1989) (bank has duty to honor a certified check).[2] Furthermore, if a judgment creditor exercises its right to payment by cash or certified check, then interest on the debt continues to accrue until such payment is made by the debtor. See Enriquillo Export & Import, Inc. v. M.B.R. Industries, Inc., 733 So.2d 1124 (Fla. 4th DCA 1999); Keanie v. Goldy, 698 So.2d 1264 (Fla. 5th DCA 1997); In re Estate of Woodruff, 647 So.2d at 1045.
Accordingly, we affirm the trial court's ruling that a personal check is invalid to satisfy a partial judgment and does not toll interest. DCC had the right to refuse a personal check to satisfy the judgment, and interest continued to accrue until the defendants tendered proper payment. See Enriquillo Export & Import, Inc. v. M.B.R. Indust., Inc., 733 So.2d at 1124.
Affirmed in part; reversed in part and remanded for a determination of an attorneys' fees award under Section 713.29, Florida Statutes (1999).
NOTES
[1] Section 713.29 provides:

In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.
[2] A certified check is an obligation of a bank. When a bank certifies a check, it warrants that it has sufficient funds to pay the check and is liable to do so. See Black's Law Dictionary 207 (5th ed. 1979).