863 So.2d 1244 (2004)
Martin Clyde CORLEY and Dianna Skaggs Corley, Appellants/Cross-Appellees,
v.
RIVERTOWN, INC., Appellee/Cross-Appellant.
No. 5D02-3302.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
*1245 Howard L. Cauvel of Rano, Cauvel & Ceely, P.A., DeLand, for Appellants/Cross-Appellees.
Robert R. Foster, DeLand, for Appellee/Cross-Appellant.
SAWAYA, C.J.
Martin Clyde Corley and Dianna Skaggs Corley appeal, and Rivertown, Inc., cross-appeals, the trial court's orders denying their respective motions for attorney's fees in a construction lien foreclosure action. We reverse the order denying Rivertown's motion and remand this case to the trial court to determine a reasonable amount to be awarded to Rivertown. We affirm the order denying fees to the Corleys.
The Corleys entered into a contract with Rivertown for construction of a residence. The two parties conducted a final walk-through of the residence, during which the Corleys annotated deficiencies in the construction. Even though Rivertown agreed to make the necessary repairs, the Corleys terminated Rivertown's employment. Rivertown responded by initiating a Claim of Lien in the amount of $12,091.50, which was the remaining unpaid amount of the original contract.
Rivertown subsequently filed a complaint that contained a count to enforce and foreclose the claim of lien. The Corleys filed a counterclaim for breach of contract seeking damages for Rivertown's failure to complete construction within the prescribed time limit, for Rivertown's alleged failure to correct the punch list items, and for Rivertown's alleged improper construction.
The court entered a judgment and lien for Rivertown on its complaint and ruled in favor of Rivertown on the Corley's breach of contract counterclaim. The trial court held that Rivertown shall have a lien of $2,563.77, which amount was determined after deducting $9,527.73 for credits due the Corleys. The judgment further provided that
[i]f the total sum of $2,563.77, with interest at the rate of nine (9%) percent per annum, is not paid to the Plaintiff within 45 days of the date of this judgment, on affidavit of non-payment by the Plaintiff, the Clerk of this Court shall issue a Notice of Sale for the sale of the above described property at public sale to the highest bidder in accordance with the Judicial Sales Procedure, Section 45.031, Florida Statutes. *1246 Moreover, each party was ordered to pay its own attorney's fees.
The statutory basis for an award of attorney's fees in the instant case derives from section 713.29, Florida Statutes (1999), which provides:
In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.
This court has held that "[t]his statute is mandatory and requires the trial court to award attorney's fees to the prevailing party." Heidle v. S & S Drywall & Tile, Inc., 639 So.2d 1105 (Fla. 5th DCA 1994) (citing Sanfilippo v. Larry Giacin Tile Co., Inc., 390 So.2d 413 (Fla. 4th DCA 1980)); see also CDI Contractors, LLC. v. Allbrite Elec. Contractors, Inc., 836 So.2d 1031, 1033 (Fla. 5th DCA 2002) ("A party is entitled to recover fees pursuant to section 713.29 if successful in prosecuting or defending a mechanic's lien cause of action."); DCC Constructors, Inc. v. Yacht Club Southeastern, Inc., 839 So.2d 731 (Fla. 3d DCA 2003); Hollub Constr. Co. v. Narula, 704 So.2d 689 (Fla. 3d DCA 1997). We are bound by the decisions of this court.
The test to determine the prevailing party provides that the party that prevailed on the significant issues tried before the court is the prevailing party entitled to an award of attorney's fees. Prosperi v.Code, Inc., 626 So.2d 1360, 1363 (Fla.1993); Moritz v. Hoyt Enters., 604 So.2d 807 (Fla.1992). In the instant case, Rivertown filed suit to enforce a construction lien against the Corleys for failure to pay the final amount due on the construction contract. It is clear from the record that the construction lien was the significant issue tried before the trial court. It is equally clear that Rivertown prevailed on the significant issue when the court entered a final judgment and lien in favor of Rivertown.[1] Because the trial court also held for Rivertown on the Corleys' counterclaim, there can be no question but that Rivertown was the prevailing party overall.
We thus reverse the order denying fees to Rivertown and remand this case to the trial court to determine the amount of fees to be awarded to Rivertown. See Kenmark Constr., Inc. v. Cronin, 765 So.2d 129 (Fla. 2d DCA 2000); Heidle.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] This is not a case where the net judgment rule is applicable. That rule "applies when a contractor does not recover pursuant to a lien but obtains a net judgment, in the same action, for damages under other principles of contract or equity." CDI Contractors, LLC. v. Allbrite Elec. Contractors, Inc., 836 So.2d 1031, 1033 n. 2 (Fla. 5th DCA 2002) (citing Kenmark Constr., Inc. v. Cronin, 765 So.2d 129, 130, n. 1 (Fla.2d DCA 2000)).