903 So.2d 329 (2005)
MICHAEL DAVID IVEY, INC., Appellant/Cross-Appellee,
v.
Joseph SALAZAR and Selma Salazar, Appellees/Cross-Appellants.
No. 5D03-1706.
District Court of Appeal of Florida, Fifth District.
June 10, 2005.
*330 Charles Ruse, Jr., Ocala, for Appellant/Cross-Appellee.
William A. Post, Dunnellon, for Appellees/Cross-Appellants.
THOMPSON, J.
Michael David Ivey, Inc. ("Ivey") appeals an order from an action arising out of the construction of a home. We reverse and remand this case to the trial court to award attorney's fees, costs and prejudgment interest to Ivey. Additionally, we reverse and remand the lien award for recalculation.
Ivey filed a complaint against the Salazars to enforce a claim of lien on the Salazars' real property. Ivey entered a written contract with the Salazars to improve the Salazars' property and to construct a home. Ivey alleged in his complaint that pursuant to the contract, he completed the home and improvements for $472,806.94, but the Salazars refused to pay the remaining amount owed of $110,942.82. Thereafter, the Salazars filed a counterclaim against Ivey for breach of contract alleging that Ivey's construction of their home resulted in defective work.
In its final judgment, the trial court found that Ivey prevailed in his suit to recover under a mechanic's lien, and was entitled to recover $96,453.55. However, the trial court also found that the contract required completion within ten months and that Ivey failed to timely complete the construction within that timeframe and that the site work was substandard. The trial court ruled that the Salazars prevailed on their breach of contract counterclaim, and as a result of Ivey's untimely completion of the home and his defective work, the Salazars were entitled to $50,000. The trial court ordered the $50,000 recovery to be computed as a set-off against Ivey's recovery of $96,453.55, therefore entitling Ivey to $46,453.55. The trial court found that each party prevailed *331 against the other and would bear their own attorney's fees and costs.
Ivey argues that the trial court award of $50,000 to the Salazars in damages for defects was not supported by sufficient evidence. We disagree. At trial, a professional real estate appraiser, Steven Albright, completed a valuation report of the Salazars' home. Albright testified that each of the ten items listed on his valuation report impacted the value of the home[1] and that the cost to cure the defective work was $50,025. We conclude that the estimate was not so outdated as to warrant a reversal of damages where Albright extensively testified as to how he arrived at an estimate on damages and also testified that he considered the nominal depreciation of the property. Nor, do we agree with Ivey that the appraisal provided by Albright was inadmissible because Albright relied upon information from other sources to corroborate his report. Experts may rely upon hearsay if it is the kind that is relied upon during practice. Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985). Thus, we find no error.
Moreover, we disagree with Ivey's contention that Albright used an improper measure of damages. Where the performance of a contract is defective, the measure of damages is the reasonable cost of making the performed work conform to the contract. Aponte v. Exotic Pools, Inc., 699 So.2d 796 (Fla. 4th DCA 1997). Albright testified that it would cost approximately $50,000 to cure the defects in the Salazars' home, and the trial court accordingly awarded $50,000.
Next, Ivey argues that that he is entitled to costs pursuant to section 57.041, Florida Statutes.[2] In this case, the trial court found that each party prevailed against the other and declined to award costs. In Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990), we held that under section 57.041, a judge does not have discretion to deny recovery of costs to a prevailing party. Consequently, Ivey, as the party recovering judgment was entitled to an award of costs.
We also conclude that Ivey was entitled to attorney's fees pursuant to section 713.29, Florida Statutes,[3] because he prevailed on his mechanic's lien claim. *332 The trial court found that Ivey prevailed on his mechanic's lien claim and was entitled to $46,453.55 after calculating the Salazars' set-off. "When a claimant in a mechanic's lien action recovers a judgment in any amount, a trial court errs in not finding the claimant the prevailing party and awarding attorneys' fees pursuant to section 713.29, Florida Statutes." DCC Constructors, Inc. v. Yacht Club Southeastern, Inc., 839 So.2d 731 (Fla. 3d DCA 2003) (quoting Hub Cap Heaven, Inc. v. Goodman, 431 So.2d 323 (Fla. 3d DCA 1983)) (emphasis supplied). In Corley v. Rivertown, Inc., 863 So.2d 1244 (Fla. 5th DCA 2004), we stated:
This court has held that "[t]his statute is mandatory and requires the trial court to award attorney's fees to the prevailing party." Heidle v. S & S Drywall & Tile, Inc., 639 So.2d 1105 (Fla. 5th DCA 1994) (citing Sanfilippo v. Larry Giacin Tile Co., Inc., 390 So.2d 413 (Fla. 4th DCA 1980)); see also CDI Contractors, LLC. v. Allbrite Elec. Contractors, Inc., 836 So.2d 1031, 1033 (Fla. 5th DCA 2002) ("A party is entitled to recover fees pursuant to section 713.29 if successful in prosecuting or defending a mechanic's lien cause of action."); DCC Constructors, Inc. v. Yacht Club Southeastern, Inc., 839 So.2d 731 (Fla. 3d DCA 2003); Hollub Constr. Co. v. Narula, 704 So.2d 689 (Fla. 3d DCA 1997). We are bound by the decisions of this court.
The test to determine the prevailing party provides that the party that prevailed on the significant issues tried before the court is the prevailing party entitled to an award of attorney's fees. Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993); Moritz v. Hoyt Enters., 604 So.2d 807 (Fla.1992).
Id. at 1246. Pursuant to our previous decisions, we conclude that the trial court was required to award Ivey attorney's fees pursuant to section 713.29.
Moreover, we agree with Ivey that he is entitled to prejudgment interest. See Ferrell v. Ashmore, 507 So.2d 691 (Fla. 1st DCA 1987) (where trial court awarded appellant $10,819.45 for the unpaid labor and materials, and appellees were entitled to recover $31,128.92 for the defects that had to be corrected, the trial court erred in failing to add prejudgment interest to appellant's award); see also Peter Marich & Assoc., Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978) (holding that although there was a bona fide question as to how much appellant was owed under the contract, once the trial court determined the amount, appellant was due interest).
Furthermore, we reverse the lien award and remand for a recalculation, taking into account the Salazars' responsibility for some of the overruns and also to consider credits owed to the Salazars for unused allowances. Although there was a dispute at trial concerning whether any changes in allowances or overages needed to be in writing, the Salazars admitted responsibility for some overruns.[4] Additionally, the Salazars argue that the trial court erred by failing to credit them for unused allowances and overcharges proved at trial. The evidence must support an award for damages. John Hancock Mut. Life Ins., Co. v. Mark-A, Inc., 324 So.2d 674 (Fla. 2d DCA 1975).
*333 Finally, we find that the trial court did not abuse its discretion in declining to order a sale of property pursuant to section 45.031, Florida Statutes.
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Albright listed the ten defective items to be:

1. Unfinished concrete edging associated with driveway and walkway borders.
2. Pavers associated with front porch improperly installed.
3. Concrete slab in garage includes substantial staining.
4. Finish of marble tile in foyer permanently damaged.
5. Stucco "pocket" at rear sliding door inconsistent with brick exterior of balance of house.
6. Track associated with rear sliding glass doors stained.
7. Stucco finish above corner window at lanai area inconsistent with brick exterior of balance of house.
8. Foam square base at two columns at lanai area inappropriate for high-traffic area.
9. Pavers associated with pool deck stained and/or chipped and/or several areas not level.
10. Site includes inadequate drainage of storm water.
[2] Section 57.041, Florida Statutes, provides:

The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment.
[3] Section 713.29, Florida Statutes, provides:

In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the service of her or his attorney for trial and appeal or for arbitration, in an amount to be taxed as part of the prevailing party costs, as allowed in equitable actions.
[4] Ivey testified that for the driveway, there was an allowance of $16,000, but the driveway cost $18,192.20. The cabinets had an allowance of $17,000, but the charge for the cabinets was $20,555. Additionally, the granite tops had an allowance of $5,000, and the bill was for $9,978.84. Mrs. Salazar admitted responsibility for some of the overruns, i.e., granite countertops ($4,978,94); cabinets ($3,555); and the driveway ($1,600).