932 So.2d 1253 (2006)
PENNINGTON & ASSOCIATES, INC., Appellant/Cross-Appellee,
v.
Ora EVANS, Appellee/Cross-Appellant.
No. 5D05-3533.
District Court of Appeal of Florida, Fifth District.
July 14, 2006.
*1254 Michael C. Sasso and Brian D. Solomon, of Michael C. Sasso, P.A., Winter Park, for Appellant/Cross-Appellee.
John Moxley of John Moxley, P.A., Ocala, for Appellee/Cross-Appellant.
PLEUS, C.J.
Pennington & Associates, Inc., a general contractor, appeals the final judgment rendered in favor of Ora Evans in a construction lien foreclosure suit brought by Pennington. 360Networks was the lessee on a portion of a larger parcel owned by Evans and engaged Pennington to construct a building on the leased property. Shortly after construction began, 360Networks defaulted and went into bankruptcy.
We affirm the final judgment in Evans' favor, but reverse the denial to Evans of attorney's fees and costs. In making our ruling we have carefully reviewed all the numerous issues raised by Pennington and find them to be without merit.
On cross-appeal, Evans raised the denial by the trial judge of his attorney's fees and costs. The parties agree that the prevailing party is entitled to an award of its attorney's fees pursuant to section 713.29, which provides:
In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.
This section authorizes the award of attorney's fees to a party who successfully defends a suit arising out of an attempt to foreclose a construction lien. In Cloutier v. Central Contracting, Inc., 418 So.2d 1233, 1234 (Fla. 5th DCA 1982), this Court stated: "Since the court found appellee's lien was unenforceable, appellants successfully resisted the claim and prevailed below. They were entitled to recover attorney's fees under the statute." In fact, in a construction lien suit, the award of fees to the prevailing party is mandatory. Heidle v. S & S Drywall & Tile, Inc., 639 So.2d 1105 (Fla. 5th DCA 1994).
In addition to attorney's fees, the prevailing party is also entitled to recovery of its costs pursuant to section 57.041, which provides: "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment. . . ." In Michael David Ivey, Inc. v. Salazar, 903 So.2d 329 (Fla. 5th DCA 2005), this Court held that the trial court lacked discretion to deny prevailing party costs.
We grant Evans' amended motion for attorney's fees on his cross-appeal. Accordingly, we reverse the final judgment only insofar as it denied attorney's fees and costs to Evans both at trial and on appeal and remand for calculation of the amount of fees and costs to be awarded to Evans. In its determination of fees, the court should consider the customary hourly rate charged by attorneys doing similar *1255 work in that locality and the number of reasonable hours spent in the defense of the foreclosure action. In all other respects, the final judgment is affirmed.
ORFINGER and TORPY, JJ., concur.