# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1906
Lower Tribunal No. 18-19924
_____

**Bandklayder Development, LLC,**
Appellant,

vs.

**Joseph Sabga, III, and Dunia Sabga,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Office of Peter B. Rowell, P.A., and Peter B. Rowell, for appellant.

Greenspoon Marder LLP, and Dariel Abrahamy (Boca Raton), for appellees.


Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Bandklayder Development, LLC ("Bandklayder") appeals from a final judgment entered in favor of Joseph and Dunia Sabga ("the Sabgas") on their breach of contract lawsuit. On appeal, Bandklayder contends that the Sabgas failed to establish the proper measure of damages at trial, and that the trial court therefore erred in entering judgment and awarding damages in favor of the Sabgas. We agree and, for the reasons that follow, reverse and remand for entry of judgment in favor of Bandklayder.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bandklayder owned property in Coconut Grove and began construction of a single-family residence. In February 2017, while the property was still under construction, Bandklayder entered into an "As-Is Purchase Contract" with the Sabgas, followed by a Contract Addendum, a First Amendment to the Agreement and a Second Amendment to the Agreement (collectively, "the Agreement"). Relevant to this appeal, the terms of the Agreement provided the Sabgas with a one-year warranty and an agreement from Bandklayder to complete punch-list items following a walkthrough of the property.

Although the parties closed in June 2017, a number of construction issues remained. The parties entered into an escrow agreement by which

2

Bandklayder agreed to fix several listed items within thirty days or forfeit the $10,000 escrowed funds. Bandklayder failed to repair the listed items within the thirty-day period, and the escrowed funds were released to the Sabgas.

Thereafter, the Sabgas continued to demand that Bandklayder address several remaining defects which he was obligated to repair under the parties' agreements. Communications were exchanged about these items until March 2018, when Bandklayder stopped communicating. A month later, on April 16, 2018, the Sabgas served written notice on Bandklayder (ostensibly pursuant to section 558.004, Florida Statutes (2018)), demanding compliance. When Bandklayder failed to repair the requested items, the Sabgas sued.

In their three-count complaint, the Sabgas alleged claims for (1) breach of contract, (2) violation of the Florida Building Code, section 553.84, Florida Statutes, and (3) breach of implied warranty of fitness.

Bandklayder answered the complaint and asserted several affirmative defenses. It also moved for partial summary judgment, asserting the Sabgas waived certain claims for repairs by signing the escrow agreement and collecting the $10,000 escrow amount. The trial court denied this motion, finding there remained genuine disputed issues of material fact.

The case proceeded to a nonjury trial, at which Mr. Sabga, the Sabgas' construction expert (Danny Bello), and Bandklayder's corporate representative testified. Mr. Bello testified, in relevant part, that the Sabgas suffered damages in the amount of $322,916.36, calculated as of January 19, 2022, the date of his report. He also testified that, as of the date of the trial (May 2023), the cost to complete the unfinished work had increased by 35% to $435,936.75, due to an increase in construction costs.

However, the Sabgas' expert did not testify to the amount of damages as of the date of the breach (June 2017, when the transaction closed and the property was turned over to the Sabgas, or at the latest, April 2018, when the Sabgas served their statutory notice on Bandklayder). No witness provided testimony (nor was any evidence introduced) to establish the measure of damages as of the date of the breach.

At the conclusion of the trial, the trial court entered final judgment in favor of the Sabgas, awarding them $425,936.75 in damages, based on the testimony of the Sabgas' construction expert that as of the date of the trial, it would cost $435,936.75[1] to repair the defects in the property (a 35% increase

---

[1] The court deducted the $10,000 in escrowed funds already received by the Sabgas.

4

from the estimate contained in the expert's January 2022 report, due to higher construction costs).

On appeal, Bandklayder raises four issues, but we find the first issue dispositive: The court erred in entering judgment in favor of and awarding damages to the Sabgas because they failed to establish the proper measure of damages measure as of the date of the breach (June of 2017 or, at the latest, April 2018), instead establishing damages as of the date of the expert's report (Jan. 2022) and the date of trial (May 2023). [2]

## STANDARD OF REVIEW

"'A trial court's determination as to the method of calculating damages is reviewed de novo . . . .' Factual findings, however, 'regarding the amount of damages sufficiently proven are subject to review for clear error.'" Dooley v. Gary the Carpenter Constr., Inc., 388 So. 3d 881, 883 (Fla. 3d DCA 2023) (internal citations omitted).

As a general rule in construction defect cases, "the measure of damages is the reasonable cost of making the performed work conform to the contract." Aponte v. Exotic Pools, Inc., 699 So. 2d 796, 797 (Fla. 4th DCA 1997). "The purpose of compensation is to restore the injured party to

---

[2] Because we reverse and remand for entry of judgment in favor of Bandklayder, we do not address the remaining issues raised by Bandklayder.

5

the condition which he would have been in had the contract been performed."

24 Hr Air Serv., Inc. v. Hosanna Cmty. Baptist Church, Inc., 322 So. 3d 709, 713 (Fla. 3d DCA 2021) (citation omitted).[3]

It is well-established in Florida that damages for breach of a construction contract based on defective work are calculated as of the date of the breach. In 1982, the Florida Supreme Court, in Grossman Holdings Ltd. v. Hourihan, 414 So. 2d 1037 (Fla. 1982), adopted subsection 346(1)(a) of the Restatement (First) of Contracts (1932), which provides:

(1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:

   (a) For defective or unfinished construction he can get judgment for either

---

[3] The issue is properly raised on appeal. Florida Rule of Civil Procedure 1.530(e) provides:

When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.

See also Levy v. Ben-Shmuel, 255 So. 3d 493, 495 n. 2 (Fla. 3d DCA 2018).

(i)  the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste.

Id. at 1039.  In doing so, the Court observed: "Subsection 346(1)(a), therefore, is designed to restore the injured party to the condition he would have been in if the contract had been performed. This aim corresponds with general Florida law. We adopt subsection 346(1)(a) as the law in Florida regarding breaches of construction contracts." Id. (citations omitted).

Importantly, the Court then held:

Damages for a breach of contract should be measured as of the date of the breach.  National Communications Industries, Inc. v. Tarlini, 367 So. 2d 670 (Fla. 1st DCA 1979); Lake Region Paradise Island, Inc. v. Graviss, 335 So. 2d 341 (Fla. 2d DCA 1976). Fluctuations in value after the breach do not affect the nonbreaching party's recovery.

Id. at 1040.  See also Jeremy Stewart Constr., Inc. v. Matthews, 324 So. 3d 41, 42 (Fla. 1st DCA 2021) ("Damages are assessed at the time of the breach rather than at the time of the trial.").

Thus, the Sabgas were required to prove their damages as of the date of the breach, which was in June of 2017 (at the time the transaction closed

7

and Bandklayder turned over the property to the Sabgas) or at the latest, April of 2018 (when the Sabgas served their written notice of noncompliance on Bandklayder).  For our purposes here, it is of no moment whether the date of the breach is established as June 2017 or April 2018, because there was no evidence presented to establish the damages as of either of these dates.

Instead, the Sabgas presented only evidence of the measure of damages in January 2022 (when the Sabgas' expert prepared his report) and in May 2023 (when the expert testified at trial).  While it's true that the "time of breach" standard "is not an inflexible principle," Lindon v. Dalton Hotel Corp., 49 So. 3d 299, 306 (Fla. 5th DCA 2010), "damages cannot be based upon speculation or guesswork, but must have some reasonable basis in fact."  Bass Venture Corp. v. Devom, LLC, 342 So. 3d 821, 824 (Fla. 2d DCA 2022) (citation omitted).  Here, there was no testimony presented to establish the amount of damages suffered by the Sabgas at the time of the breach.

Indeed, the testimony of the Sabgas' own expert—relied upon by the trial court for its damages award—establishes the uncertainty and guesswork that would necessarily accompany an estimate of damages that is five or six years off the mark.  The Sabgas' expert testified that in the **eighteen-month gap** between January 2022 (when the expert prepared his

8

report) and May 2023 (when the expert testified at trial), the damages suffered by the Sabgas increased by 35%--more than $100,000.

Assuming that the date of the breach (i.e., the correct date for measuring damages) was (at the latest) April 2018, there was a five-year gap between that date and the incorrect date the Sabgas relied upon to establish their measure of damages (May 2023). Upon this record, there is no way to know (without relying on speculation) the proper amount of damages more than five or six years prior to trial, the date upon which the Sabgas were required by well-entrenched law to establish their measure of damages. Because of the Sabgas' failure to establish the correct measure of damages as of the date of the breach, we are compelled to reverse the final judgment and remand for entry of final judgment in favor of Bandklayder.

The Sabgas contend, alternatively, that if we reverse on this basis, we should remand for further proceedings, to provide the Sabgas an opportunity to establish and calculate damages as of the date of the breach. We reject this position, and, while we acknowledge that this may appear harsh, the result here is solely attributable to the Sabgas' failure to prove that which the law clearly requires. The Sabgas had a duty to prove each element of their claim, including the proper measure of damages. See Shechter v. R.V. Sales of Broward, Inc., 328 So. 3d 1053 (Fla. 3d DCA 2021) (affirming trial

9

court's final judgment in favor of defendant for failure to prove damages, holding that damages are an essential element of a claim for breach of contract); People's Tr. Ins. Co. v. Alonzo-Pombo 307 So. 3d 840, 843 (Fla. 3d DCA 2020) ("Under Florida law, damages are an essential element of an action for breach of contract.") (internal citation omitted); Grove Isle Ass'n, Inc. v. Grove Isle Assocs., 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014) ("The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages."); Grossman Holdings, 414 So. 2d at 1040 ("Fluctuations in value after the breach do not affect the nonbreaching party's recovery.").

This court has consistently held that when a party has "failed to meet [its] burden of establishing the correct measure of damages at trial, and such failure was not the result of judicial error, [that party] is not entitled to a new trial on damages." Levy v. Ben-Shmuel, 255 So. 3d 493, 495 (Fla. 3d DCA 2018) (en banc). See also Cellnet 7, Inc. v. Lainez, 215 So. 3d 137, 140 n.5 (Fla. 3d DCA 2017) (holding: "A party's failure to prove a required element of a cause of action . . . –as distinguished from a reversal necessitated by a trial court error—ordinarily does not allow the party a new trial or hearing on remand in order to remedy the shortcoming and try again."); Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76 (Fla. 1st DCA 2010) (holding that "where

10

the party with the burden of proof fails to establish an evidentiary basis for the damages awarded at trial, the general rule applies and (absent an exceptional legal or factual basis warranting a contrary result) simple reversal is warranted . . . . We see no legitimate reason to give a party an 'extra bite of the apple'"); St. Petersburg Hous. Auth. v. J.R. Dev., 706 So. 2d 1377, 1377 (Fla. 2d DCA 1998) (reversing trial court's order which, following a bench trial in a breach of contract action, granted plaintiff a rehearing on the issue of damages; holding "[t]his procedure improperly allows [defendant] a 'second bite at the apple' at proving damages, an element of proof that should have been proven at trial"); Pain Care First of Orlando, LLC v. Edwards, 84 So. 3d 351 (Fla. 5th DCA 2012); Van Der Noord v. Katz, 481 So. 2d 1228 (Fla. 5th DCA 1985).

## CONCLUSION

Because the Sabgas failed to establish the proper measure of damages at trial, we reverse the final judgment. And because the failure to prove the proper measure of damages was not the result of judicial error, see Levy, 255 So. 3d at 497, we remand with directions to enter final judgment in favor of Bandklayder.[4]

---

[4] Neither party has contended that we should remand for entry of a final judgment for nominal damages. We therefore do not address the propriety of such a remedy on remand. See Levy v. Ben-Shmuel, 255 So. 3d 493, 495

11

Reversed and remanded with directions.

n. 3 (Fla. 3d DCA 2018) (citing <u>Cason v. Baskin</u>, 30 So. 2d 635 (Fla. 1947) and <u>King v. Saucier</u>, 356 So. 2d 930 (Fla. 2d DCA 1978)).