PEARSON, Judge.
Plaintiff, appellant herein, brought an action for rent, and the defendant counterclaimed for the alleged wrongful termination of his lease. The cause came on for trial before the court without a jury. At the close of plaintiff’s case, the court, upon motion granted an order in the nature of a directed verdict against the plaintiff. Thereafter, upon trial of the counterclaim, the court found for the defendant-counter-claimant and assessed its damages at $1,-677. Upon the entry of final judgment the plaintiff appealed and assigned as error the direction of the verdict upon his cause of action and insufficiency of the evidence to support the judgment upon the counterclaim.
A defense filed by the defendant alleged the pendency of a certain cause of action between the same parties in the County Judges’ Court in and for Dade County, Florida. The sufficiency of this defense was not tested: A verdict was directed for the defendant upon the presumption that plaintiff’s right of action was barred by the pendency of the previous suit *777 upon authority of the rale set forth in State ex rel. Dos Amigos v. Lehman, 100 Fla. 1313, 131 So. 533. The record does not reveal the nature of the action in the County Judges’ Court although it is variously referred to in argument both before the trial judge and this court. However it is apparent that the trial court had more evidence and information upon it than we have. Ordinarily the proof of a defense is for the defendant upon presentation of his own case, but we are not in a position from this record to say that the defense was not fully before the trial court at the time it was ruled upon. In any event no objection to the procedure was made before the trial judge. We therefore conclude that error has not been shown upon the directed verdict.
The court found that the defendant was entitled to the sum of $1,677 upon its counterclaim for constructive eviction from the premises concerned. Although the evidence as to liability upon the counterclaim is conflicting, there is substantial evidence upon which the finding of liability can be based and this finding will not be disturbed. Trobaugh v. Trobaugh, Fla.1955, 81 So.2d 629; Creswell v. West Construction Company, Fla.App.1957, 97 So.2d 47.
However, the record does not contain evidence upon which the amount of the award could have been based. Other than certain specific items of special damage claimed, which did not in themselves exceed $832, the counterclaimant introduced only his own testimony that he had been forced to pay $4,830 for “additional rental” by reason of the eviction. The measure of damages for loss of a leasehold by way of wrongful eviction is set out in Young v. Cobbs, Fla.1955, 83 So.2d 417, and authorities cited therein.
There being no evidence in the record upon which the judgment of $1,677 for the counterclaimant can be predicated, the same is reversed with directions to enter an amended final judgment upon the counterclaim in the amount of $832, being the amount of the damages proved.
Affirmed in part, reversed in part.
HORTON, Acting Chief Judge, concurs.
BARNS, PAUL D., Associate Judge, dissents.