PEARSON, Judge.
The defendant, Rockmatt Corporation, which was the seller of a business and the real estate upon which it was conducted, appeals a final judgment based upon a jury verdict in an action by a business broker for a commission. We hold that the verdict unlawfully included a commission for the sale of the real property and reverse for a new trial on damages only.
The appellee, Ehrlich, and the appellant Rockmatt Corporation entered into an exclusive right of sale listing agreement whereby the appellant agreed to pay a ten per cent commission on the sale of its business. The appellee produced a prospective purchaser who executed a purchase agreement for the agreed purchase price, but the purchaser’s check for deposit was on two occasions returned by the bank with a notation of insufficient funds. Shortly thereafter, the. appellant cancelled the exclusive listing agreement. About four months later, the appellant sold the business for the agreed price less brokerage commission to a corporation in which the prospective purchaser was a principal. On the basis of these facts, the jury returned a verdict for the amount of the agreed commission on both the business and the real estate.
On this appeal, the appellant presents three points. The first urges error upon the failure of the trial court to direct a verdict for the appellant-defendant because there was insufficient evidence to establish that the sale was a result of ap-pellee’s production of a buyer ready, able and willing to purchase the property. See Malever v. Livingston, 95 Fla. 272, 116 So. 15 (1928). Appellant admits that the cause was submitted to the jury upon a proper charge, and our review of the record establishes that the facts were sufficient to carry the issue to the jury. See Oro Verde Groves, Inc. v. Fuchs, Fla.App. 1962, 136 So.2d 12. See also First Realty Corporation of Boca Raton v. Standard Steel Treating Company, Fla.App.1972, 268 So.2d 410.
Appellant’s second point urges that a verdict should have been directed because there was never a binding agreement. between the broker and the seller. It is urged that the listing was signed by an unauthorized officer of the appellant corporation. The evidence reveals, however, that the listing agreement was acted upon by the parties and that each party considered it binding until the time that the appellant made a written cancellation thereof. We find that the point is not well taken. *414 See Mellet v. Henry, Fla.App.1959, 108 So.2d 69.
Appellant’s third point is directed toward including the sale price of the real estate in the calculation of the broker’s commission. See Fla.Stat. § 475.01, F.S.A. See also Community Cablecasting Corporation v. Daniels & Associates, Inc., Fla. App.1968, 215 So.2d 17. This point is well taken. It is incumbent upon a plaintiff in a trial court to present evidence upon which a reasonably ascertainable amount of damages may be based. See Berwick Corp. v. Kleinginna Investment Corp., Fla. App.1962, 143 So.2d 684. Inasmuch as ap-pellee’s employment was only for the sale of the business and he could not legally collect a commission for a sale of the real property, a verdict for a commission in the full amount of the agreed percentage as applied to both the business and the real estate cannot stand. We therefore reverse and remand for a new trial as to damages only.
Reversed and remanded.