310 So.2d 339 (1975)
UNITED STEEL & STRIP CORPORATION, Appellant,
v.
MONEX CORPORATION and Sea-Land Service, Inc., Appellees.
No. 74-559.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Rehearing Denied April 21, 1975.
*340 Richard P. Kenney, Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick and William B. Milliken, Miami, Paul S. Berger, Miami Beach, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The plaintiff appeals from a final judgment in an action for damages.
The complaint alleged that United Steel & Strip Corporation, plaintiff, sold certain merchandise to Monex Corporation, defendant, and that defendant received such merchandise but refused to pay for it. Defendant answered the complaint, alleging that some of the merchandise had arrived in damaged condition, and then filed (1) a counterclaim for breach of contract stating that plaintiff tendered non-conforming, defective and damaged goods, and (2) a third party complaint against Sea-Land Service, Inc., the carrier, alleging that the damage resulted from negligence during shipment.
The cause was tried without a jury, and the court found that the carrier, the third party defendant, was not negligent and that the damage to the merchandise occurred prior to or at the time of loading by the plaintiff. Accordingly, final judgment was entered in favor of the third party defendant, the carrier, Sea-Land Service, *341 Inc., on the third party claim and in favor of the defendant, Monex Corporation against the plaintiff, United Steel & Strip Corporation, as to all of the damaged merchandise, entitling the latter to possession of such damaged merchandise.
On appeal, the plaintiff contends that the court erred because the plaintiff delivered the merchandise to the carrier in good condition and because the clean bill of lading given by the carrier, Sea-Land Services, Inc., to the plaintiff shipper is prima facie evidence that all of the merchandise was in good condition, so the burden was on the carrier to prove an absence of negligence, which burden was not met.
The record reflects that the merchandise purchased was seconds and that it had certain defects known to Monex, the defendant-purchaser, to-wit: white rust, but that some forty per cent of the merchandise was in bad condition when received by Monex, i.e., bent, broken and (red) rusted, rendering it damaged and defective beyond those defects known and agreed to by Monex. Although the plaintiff claims that the merchandise was in good condition when it was sent out, the evidence discloses that this was a shipper's load and count movement, meaning it was packed in cartons by the plaintiff, loaded onto the carrier's trucks by the plaintiff and there was testimony that one of the plaintiff's salesmen examined only "a couple" of the cartons prior to shipment (there were more than 1,000 cartons in the shipment). Further evidence shows that upon arrival at destination (Opa Locka, Florida), the merchandise was in the original cartons, the cartons were in good condition, but a substantial portion of the contents were damaged as described above.
The rule is well established that where a shipper shows delivery of goods to a carrier in good condition and delivery thereof at the point of destination in bad condition, a presumption arises that the damage was caused by the negligence of the carrier. Missouri Pacific Railroad Co. v. Elmore & Stahl, 377 U.S. 134, 138, 84 S.Ct. 1142, 12 L.Ed.2d 194, 198; Housel v. Ryder Truck Lines, Inc., Fla.App. 1970, 233 So.2d 424, 426. It is then for the carrier to account for the condition in some way that excuses him from his obligation to safely deliver the goods. Thus the shipper's case is made prima facie if he shows good condition when delivered at the point of shipment and bad condition when received at destination, and the onus is then on the carrier to show that the damage did not result from any negligence on its part. Housel v. Ryder Truck Lines, Inc., supra. However, inasmuch as the subject shipment was a shipper's load and count movement, the burden was on the plaintiff shipper to establish the condition of the cargo when delivered to the carrier.[1]
The plaintiff relies heavily on the clean bill of lading as prima facie evidence of good condition of the merchandise.[2] The bill of lading states the following: "Received ... the property described below, in apparent good condition, except as noted. (Contents and condition of contents of packages unknown)." Although the bill of lading was "clean," in that no notation as to damages appears thereon, we are reminded that the merchandise was shipped in cartons packed and loaded onto trucks by the shipper, and the carrier was without knowledge as to the contents or the condition of the contents. As shown in the record, the cartons arrived at destination in good condition, but the contents were damaged. Having shown no proof as to the condition of the cargo when received by the carrier, the plaintiff shipper has *342 failed to establish a prima facie case as to liability.
It is incumbent upon a plaintiff in a trial court to present evidence to justify an award of damages in definite amount. Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating an amount in money with reasonable certainty. See Florida Ventilated Awning Co. v. Dickson, Fla. 1953, 67 So.2d 215; Berwick Corp. v. Kleinginna Investment Corp., Fla.App. 1962, 143 So.2d 684; Rockmatt Corporation v. Ehrlich, Fla.App. 1974, 294 So.2d 412. The plaintiff has failed to establish what portion of the goods was received in bad condition, and therefore, there is no evidence on which to base an award of damages assuming arguendo liability had been established.
For the reasons stated and upon the authorities cited, the final judgment appealed hereby is affirmed.
Affirmed.
NOTES
[1] See 49 U.S.C.A. § 101, with shipper's load and count movement, the carrier is not liable for damages caused by the misdescription of the goods described in the bill of lading.
[2] A bill of lading is defined as "an instrument issued by the carrier to the consignor, consisting of a receipt for the goods and an agreement to carry them from the place of shipment to the place of destination." 13 C.J.S. Carriers § 122.