479 So.2d 783 (1985)
Kenneth J. RECTOR, Appellant,
v.
LARSON'S MARINE, INC., a Florida Corporation, Appellee.
No. 85-50.
District Court of Appeal of Florida, Second District.
November 15, 1985.
Rehearing Denied December 19, 1985.
*784 John W. Biesinger, III of Robinson, Steagall, Grant, Silvers, Biesinger & Dikman, St. Petersburg, for appellant.
Hugh E. Reams of Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, for appellee.
SCHOONOVER, Judge.
Appellant, Kenneth J. Rector, plaintiff in the trial court, appeals from a final judgment entered in a breach of contract action. The trial court found that appellee, Larson's Marine, Inc., a Florida corporation, had breached its contract with the appellant but held that the appellant had not proven damages and accordingly entered a judgment for $1.00. We reverse on the measure of damages awarded.
Two days after appellee had completed major repairs on appellant's boat, the boat exploded and burned. A marine surveyor concluded that the fire had originated in the aft engine compartment, and that the explosion had been caused by a massive fuel spill from a fuel line shaken loose by engine vibration. In order to keep a good customer and to avoid a lawsuit, appellee, without admitting responsibility for the damage, entered into a written contract to restore appellant's boat to its preaccident condition. In consideration for the repair work, appellant agreed not to file a lawsuit against appellee.
Upon commencing work on the boat, appellee discovered evidence indicating the explosion might have been caused by holes in the fuel tank and not by any work appellee had performed on the boat. Appellee therefore refused to complete the repairs pursuant to the contract and claimed that appellant owed him $1,500.00 for work it had begun. Appellant filed a complaint against appellee alleging causes of action for negligence, misrepresentation, breach of warranty, breach of contract, conversion, and civil theft. Appellee counterclaimed seeking to rescind the contract and to foreclose a lien for work performed to repair the boat.
Following a nonjury trial, the court found that appellant had sustained his burden of proving appellees' breach of contract and that appellee had no right to rescind the contract. The court determined, *785 however, that appellant failed to prove damages. The court therefore awarded appellant only nominal damages in the amount of $1.00. The court further found that neither party had proven its other claims. This appeal timely followed.
Because appellee did not file a cross-appeal challenging the court's ruling on the action for breach of contract, we are concerned only with appellant's challenge to the amount of damages awarded.
Damages recoverable in a breach of contract action are those that would naturally result from the breach, either as the ordinary consequence of such breach or as a consequence that may, under the circumstances, be presumed to have been contemplated by the parties as the probable result of the breach. First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc., 139 So.2d 476 (Fla.2d DCA 1962). In this case, the parties contemplated that in exchange for the appellant not filing a lawsuit against appellee, appellee would restore appellant's boat to its preaccident condition without cost to the appellant.
In a case that involves a total breach of contract, as does this case, an injured party is entitled to an election of remedies. He may treat the contract as void and seek the damages that will restore him to the position he was in immediately prior to entering the contract. Alternatively, he may elect to affirm the contract, insist upon the benefit of his bargain, and seek the damages that would place him in the position he would have been in had the contract been completely performed. McCray v. Murray, 423 So.2d 559 (Fla. 1st DCA 1982). Because the appellant in this case elected to affirm the contract, he had the right to insist upon the benefit of his bargain.
Normally, in a case involving breach of a construction contract where a party elects to affirm the contract and obtain the benefit of his bargain, the proper measure of damages would be either the reasonable cost of completion, or the difference between the value the construction would have had if completed and the value of the construction that has been thus far performed. Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037 (Fla. 1982). Neither of those alternatives would be allowed, however, if it were to involve unreasonable economic waste. Grossman. Our case differs slightly in that it involves a contract for repair, as opposed to construction, and the value of the boat prior to any repair must be considered so that the owner is not unjustly enriched. Although the appellee counterclaimed for $1,500.00 worth of repairs it claimed to have performed prior to rescission, the court found that appellee did not prove this claim. The latter alternative articulated in Grossman as applied to this case would therefore be the difference between the value the boat would have had if repaired and the value of the boat in appellant's possession prior to the commencement of repairs.
At trial, Captain Savage, a qualified expert witness, testified that the fair market value of the boat prior to the fire was $16,500.00, and the salvage value prior to repair was $5,500.00. The cost to repair the boat was $13,000.00, and the cost to replace it would amount to $16,500.00. The appellant could therefore elect either the cost of completion, which would be $13,000.00, or the difference between the value of the boat with completed repairs ($16,500.00) and the value of the boat in his possession prior to repair ($5,500.00), which would amount to $11,000.00. In accordance with Grossman, however, we must examine whether either of these alternatives would result in economic waste.
We find it would be economically wasteful to award appellant the cost to complete repairs on the boat ($13,000.00) when, if awarded the latter alternative ($11,000.00), he would have enough money to replace the boat ($16,500.00). We arrive at that determination by adding the $11,000.00 damage award to the salvage value of the boat ($5,500.00). Therefore, under the facts of this case, appellant cannot be awarded the cost of completion. If he were to be, the value of the boat would only be increased by $11,000.00 (i.e., the *786 difference between $16,500.00 and the present salvage value of $5,500.00). It would be economically wasteful to increase the value of a boat by $11,000.00 where it costs $13,000.00 to do so.
We find, therefore, that the trial court erred in not awarding appellant the difference between the value of the boat with completed repairs and the salvage value of the boat prior to repair. See Grossman; McCray. We, accordingly, reverse the final judgment and remand with instructions to enter a judgment for $11,000.00 in favor of the appellant.
REVERSED.
SCHEB, A.C.J., and CAMPBELL, J., concur.