538 So.2d 128 (1989)
David P. SMITH and Delta Personnel, Inc., Appellants/Cross-Appellees,
v.
AUSTIN DEVELOPMENT COMPANY, Appellee/Cross-Appellant.
No. 87-3559.
District Court of Appeal of Florida, Second District.
February 10, 1989.
Virginia R. Vetter, Tampa, for appellants/cross-appellees.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee/cross-appellant.
SCHOONOVER, Acting Chief Judge.
The appellants, David P. Smith and Delta Personnel, Inc. (lessee), challenge a final judgment awarding damages to the appellee, Austin Development Company (lessor), in a lease dispute. The lessor has cross-appealed that portion of the final judgment denying its claim for prejudgment interest on the award. We affirm in part and reverse in part.
This dispute arose out of two leases entered into between the parties whereby the lessee rented approximately 5,000 square feet of office space from the lessor. After the lessee vacated the premises, the parties could not agree on the amount of money, if any, due to the lessor under the terms of the leases. The lessor, accordingly, filed a complaint seeking damages for the lessee's alleged breach of the lease agreements.
At the conclusion of the nonjury trial, the court entered a final judgment awarding the lessor damages in the amount of $40,361.42. The judgment included specific awards for rent, past due parking charges, moving damages, and restoration charges. The court denied the lessor's claim for prejudgment interest. This timely appeal and cross-appeal followed.
We agree with the lessor's contention on cross-appeal, and the lessee conceded this point during oral argument, that the trial court erred in denying the lessor's claim for prejudgment interest. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).
*129 We also agree with the lessee's contention that the record lacks sufficient competent evidence to support the lessor's claim for restoration damages. We find no merit in the lessee's remaining contentions and, accordingly, affirm the trial court in all other respects.
The leases provided the lessor with the option of requiring the lessee to remove all alterations, modifications, improvements, and additions to the premises at the termination of the leases, and to restore the premises to the same condition as existed upon the commencement of the leases. The leases also provided that if the lessee failed or refused to make such removal and restoration within five days of termination or expiration of the leases, the lessor could elect to make whatever alterations or restorations it deemed necessary without further notice to, or consultation with, the lessee, at the lessee's expense. The trial court awarded the lessor $15,963.66 for restoration damages under these terms of the leases.
Although uncertainty as to the amount of damages, or difficulty in proving the exact amount, will not preclude recovery, there must be some reasonable basis in the evidence to support the amount awarded. Clearwater Associates v. Hicks Laundry Equipment Corp., 433 So.2d 7 (Fla. 2d DCA 1983); Adams v. Dreyfus Interstate Dev. Corp., 352 So.2d 76 (Fla. 4th DCA 1977). Furthermore, it is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount. United Steel & Strip Corp. v. Monex Corp., 310 So.2d 339 (Fla. 3d DCA 1975). In this case, the lessor failed to establish a reasonable basis to justify the award. Mr. Austin, one of the lessor's witnesses, testified that over $30,000 was expended to restore the premises to the original condition and to build out a portion of the space for the new tenant's requirements. He also testified that half of this amount, $15,000, would be a "fair assessment" of the restoration charges that lessee was required to pay. No bills, estimates, invoices, receipts, or other evidence was admitted to support the $30,000 figure or to substantiate that half of that amount represented only the cost of restoration and did not include some of the costs of "build out" for the new tenant. Although the lessor's general manager testified that $15,000 was a "good gauge" of the amount spent on restoration, he also had no personal knowledge of the work actually done or the itemized cost. Damages cannot be based upon speculation or guesswork, but must have some reasonable basis in fact. Florida Outdoor, Inc. v. Stewart, 318 So.2d 414 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 465 (1976). Therefore, since the lessor did not carry its burden of proving restoration damages, these damages should not have been awarded and must be stricken from the final judgment. See Punkar v. King Plastic Corp., 290 So.2d 505 (Fla. 2d DCA), cert. denied, 297 So.2d 30 (1974); Smith v. Designers Indus., Inc., 109 So.2d 776 (Fla. 3d DCA 1959).
We, accordingly, remand with instructions to enter an amended final judgment omitting any award for restoration damages and including an award of prejudgment interest.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
PARKER and PATTERSON, JJ., concur.