801 So.2d 990 (2001)
CAMPER CORRAL, INC., Camp Florida Resort, L.P., the Woodlands at Lake Placid, L.P., R. Anthony Cozier, and Terri Lovelette, Appellants,
v.
Richard PERANTONI, Sara Keller, and Elizabeth Taylor, Appellees.
No. 2D00-5230.
District Court of Appeal of Florida, Second District.
December 12, 2001.
*991 Clifford R. Rhoades of Clifford R. Rhoades, P.A., Sebring, and Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, for Appellants.
James V. Lobozzo, Jr., of James V. Lobozzo, Jr. P.A., Sebring, for Appellees.
WHATLEY, Acting Chief Judge.
Camper Corral, Inc., Camp Florida Resort, L.P., The Woodlands at Lake Placid, L.P., R. Anthony Cozier, and Terri Lovelette (the appellants) challenge a final judgment entered against them in the action filed by Richard Perantoni, Sara Keller, and Elizabeth Taylor (the appellees) for an injunction and for damages for breach of fiduciary duty related to the operation of Lake Placid Camp Florida Resort, a recreational vehicle community.[1] The only issue raised in this appeal is the propriety of the damage award against Cozier and Lovelette. We reverse.
Cozier is the president of Camper Corral, which is the successor developer of Lake Placid Camp Florida Resort. Cozier is the vice-president and Lovelette is the secretary of the Board of Directors of Camp Florida Property Owners Association, Inc. and Camp Florida Commons Recreation Association, Inc. The final judgment declared that the appellees should recover approximately $386,000 from Cozier and Lovelette based on a finding that Cozier and Lovelette breached their fiduciary duties to the members of the resort's recreation and property owners' associations and to the appellees, who are members of the associations.
"It is ... elementary that damages will be awarded only to the extent supported by the well-pleaded allegations of the complaint." Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231, 1233 (Fla. 1st DCA 1995). "[T]here must be some reasonable basis in the evidence to support the amount [of damages] awarded. Furthermore, it is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount." Smith v. Austin Dev. Co., 538 So.2d 128, 129 (Fla. 2d DCA 1989) (citations omitted).
The appellees did not bring this action as a derivative action on behalf of the associations. The appellees neither alleged nor proved that they suffered any *992 individual losses as a result of the breaches by Cozier and Lovelette of their fiduciary duties. Rather, all of the allegations against these two appellants were of harm suffered by the associations. The appellees are not entitled to the damages the associations suffered as a result of Cozier's and Lovelette's breaches of their fiduciary duties.
Accordingly, we reverse that part of the final judgment awarding the appellees damages against Cozier and Lovelette.
NORTHCUTT and GREEN, JJ., Concur.
NOTES
[1] The final judgment was also entered in a declaratory action that was consolidated with this case. The appellees did not name Cozier and Lovelette as defendants in the declaratory action, and no damages were sought in that action.