884 So.2d 222 (2004)
Alan TAYLOR and Elizabethan Development, Inc., Appellants,
v.
Dick LEE, Appellee.
No. 2D03-2018.
District Court of Appeal of Florida, Second District.
August 6, 2004.
*223 Jean Marie Henne, Winter Haven, for Appellants.
Roger L. Fishell, Sarasota, for Appellee.
CANADY, Judge.
Alan Taylor appeals a final judgment for breach of contract in favor of Dick Lee on various grounds. One of the points raised by Taylor has merit. We reverse a portion of the final judgment relating to the award of certain damages because competent, substantial evidence does not support the amount of this award.
In 1997, Taylor contacted Lee in an effort to convince Lee to lease to the State of Florida, Department of Juvenile Justice, a portion of a commercial building Lee owned. The trial court found that Taylor and Lee entered into an oral contract that was not memorialized in writing. The terms of the contract were that Taylor would provide (1) architectural plans sufficiently certified for Lee to receive building permits from the City of Sarasota necessary to complete construction of the building in accordance with the specifications of the State of Florida, Department of Juvenile Justice, and (2) services that would assist Lee in receiving a long-term lease agreement with the State. Upon satisfactory completion of these two requirements, Lee would compensate Taylor for (1) his services in the amount of 5% of the monthly lease payments for a period of twelve months, and (2) the architectural drawings and fire marshal's inspection in the amount of $4100. A set of drawings approved by the City of Sarasota and sufficient to acquire a building permit was a condition precedent to Lee incurring any obligations.
Although Taylor provided Lee with drawings, the City of Sarasota rejected the drawings as inadequate because they were not "stamped" by an architect. Because the drawings were rejected, Lee employed the services of an architect, who modified *224 Taylor's drawings to receive approval and a building permit from the City of Sarasota. Lee was charged $12,700 for the architect's modifications to Taylor's drawings as well as for additional architectural services. As a result of the need to modify Taylor's drawings, Lee was delayed in obtaining the building permit, which caused him to be unable to complete the construction of the building in time to meet his obligations under the lease agreement with the State. Because he did not meet his obligations, Lee incurred $2600 in liquidated damages.
The trial court found that Taylor's drawings were not sufficient under the terms of the oral contract and that Taylor therefore breached the oral contract. The trial court awarded Lee $12,700 for costs and expenses incurred in order to obtain drawings sufficient to receive a building permit from the City of Sarasota. The trial court also awarded Lee $2600 for the liquidated damages Lee incurred due to the delay in construction.
"`[T]here must be some reasonable basis in the evidence to support the amount [of damages] awarded. Furthermore, it is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount.'" Camper Corral, Inc. v. Perantoni, 801 So.2d 990, 991 (Fla. 2d DCA 2001) (quoting Smith v. Austin Dev. Co., 538 So.2d 128, 129 (Fla. 2d DCA 1989)).
Although Lee presented evidence that he paid the architect $12,700 for his services, the evidence indicates that the $12,700 paid for more than just the modifications to the drawings to obtain a building permit. The $12,700 architectural fee paid for the modified drawings, additional plans for re-roofing the building, and problems that arose after the building permit was issued. In fact, the architect testified that only $3000 of the $12,700 in costs and expenses could be attributed to the modified drawings. Because the oral contract between Taylor and Lee only provided that Taylor would supply Lee with plans sufficient to obtain a building permit, the architectural costs and expenses not relating to the modified plans cannot be assessed against Taylor. Accordingly, Lee's award for damages relating to the drawings should have been limited to $3000.
We reverse only that portion of the final judgment awarding Lee the $12,700 item of damages and remand for the trial court to enter a judgment consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
FULMER and KELLY, JJ., concur.