990 So.2d 1246 (2008)
UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Mariela COLON, Appellee.
No. 4D07-3281.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
*1247 Lara J. Edelstein, Coral Gables, for appellant.
Lisa A. McNelis of Roselli & McNelis, P.A., Boca Raton, for appellee.
FARMER, J.
Florida common law did not recognize bad faith claims by an insured against the carrier, holding instead that the insured was limited to breach of contract damages and attorneys fees. In 1982 the Legislature amended section 624.155 to provide that bad faith damages recoverable under the statute "shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the authorized insurer...." § 624.155(8), Fla. Stat. (2007). In this case, plaintiff argues that the jury is free to set the amount of such economic damages reasonably resulting from the carrier's bad faith conduct, even in the absence of any evidence quantifying specific losses. We hold to the contrary, reverse the judgment in favor of plaintiff, and remand for the entry of judgment in favor of defendant.
The background is this. A young woman was in a motor vehicle accident and suffered injuries. She gave notice to her automobile insurance carrier, requesting PIP benefits and furnishing her carrier with all her medical bills as she incurred them. She was in frequent and continuous communication with her insurance carrier by mail and phone, demanding payment and assistance. Despite repeated requests over a period of 4 years, the carrier failed utterly to respond in any way or pay any of her PIP claims. In the end, she accumulated more than $90,000 in medical bills. Her medical providers eventually pressured her to pay and ultimately reported her failure to pay to the credit bureaus and sought to recover payment.
Nearly 4 years after the accident, she sued her PIP insurance carrier for policy benefits and bad faith damages. The carrier answered the original complaint. Shortly afterwards, the trial court granted her motion to amend the complaint, requiring an answer within 20 days. When no response to the amended complaint was made, a default on liability was entered against the carrier.
Later the carrier consented to judgment for PIP benefits and acknowledged that the insured was entitled to attorneys fees which, the notice stated, could be set at a later hearing. Owing to the default, the case proceeded to trial only on the amount of damages suffered by the insured as a result of the carrier's bad faith.
On her bad-faith claim, plaintiff disclaimed any non-economic damages for emotional distress. Instead she testified that the carrier's failure to pay PIP benefits caused her considerable difficulty with her medical providers, who refused to compromise the amount of the bills or render further medical services, but offered no particular amount of damages related to the trouble she suffered from her providers. She testified that she lost time from work and lost wages but gave no specific amounts. She also testified that the failure to pay the providers had damaged her creditworthiness, but offered no details as to the amount of damages resulting from the credit damage. She did not offer any evidence as to the dollar amount of any *1248 economic consequences suffered from the carrier's bad faith refusal to perform its obligations under the policy.
The carrier moved for a directed verdict, arguing that plaintiff had offered no evidence as to the amounts of any loss she had sustained from the carrier's conduct. The court denied the motion and submitted the case to the jury. The jury instructions stated that plaintiff's damages were limited by law to only those damages or losses that were a reasonably foreseeable result of the carrier's actions and conduct in its handling of their insured's claim. The jury returned a general verdict for bad faith damages of $60,000. Later the trial judge denied the carrier's post trial motions for directed verdict, for a remittitur, for a new trial and for other relief.
It has long been accepted in Florida that a party claiming economic losses must produce evidence justifying a definite amount. Fla. Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla.1953) (insufficient predicate on which a definite sum could be awarded); Rimmeir v. Dickson, 107 So.2d 372, 374 (Fla.1958) (same). Economic damages may not be founded on jury speculation or guesswork and must rest on some reasonable factual basis. Smith v. Austin Devel. Co., 538 So.2d 128 (Fla. 2d DCA 1989). Plaintiff has the burden of presenting evidence justifying a specific and definite amount of economic damages. United Steel & Strip Corp. v. Monex Corp., 310 So.2d 339, 342 (Fla. 3d DCA 1975). Where there is no evidence to justify any amount on a claim for economic damages, defendant is entitled to judgment on the claim. Id.
As the background shows, plaintiff offered no evidence on which to justify any amount of economic damages resulting from the carrier's bad faith conduct. Because of the lack of such evidence, the carrier is entitled to judgment in its favor on plaintiff's claim for bad faith damages.
Reversed.
STONE and KLEIN, JJ., concur.