NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TUBBY'S CUSTOMS, INC., a Florida )
corporation; and LENWARD MARTIN, )
  )
Appellants, )
  )
v. )     Case No. 2D16-3878
  )
CHARLES EULER, )
  )
Appellee. )
  )

Opinion filed August 30, 2017.

Appeal from the Circuit Court for Pinellas
County; Jack Day, Judge.

Lee M. Pearlman of Pearlman & Clark, P.A.,
St. Petersburg, for Appellants.

Donald C. Anderson, Jr., of The Law
Offices of Donald C. Anderson, St.
Petersburg, for Appellee.


LaROSE, Chief Judge.

Tubby's Customs, Inc., ("Tubby's") and its owner, Lenward Martin, appeal a final judgment for breach of contract entered in favor of Charles Euler.[1] We reverse, in part, because the awarded damages exceed those requested and proved at trial. We affirm the final judgment in all other respects without further discussion.

---

[1]The trial court entered the final judgment only against Tubby's.

Factual Background

Mr. Euler contracted with Tubby's to restore his 1956 Ford coupe to "run & drive" condition for $15,000. Mr. Euler's friend, Repo Robbie, delivered the car to Tubby's garage. Mr. Euler subsequently made three payments of $5000 each to Tubby's. Later, when indisposed by health issues, Mr. Euler gave Repo Robbie an additional $3500 to pay Tubby's to finish the work. Unfortunately, after Mr. Euler paid Tubby's $18,500 over the course of more than two years, Tubby's never completed the restoration. Mr. Euler had his car towed back to his house.

Mr. Euler sued Tubby's. He alleged that Tubby's breached the restoration contract by failing to complete the work in a reasonable time after Mr. Euler "paid a total of $18,500 to Tubby's as and for a final price." At trial, Mr. Euler testified that he budgeted $15,000 to get the car running and driving, $3500 for the interior, and $1500 for tires and wheels. Mr. Euler conceded that he never intended that Tubby's would do the interior. The "budget" he testified about was his personal budget, not part of his contract with Tubby's. Mr. Euler testified that when Tubby's was unable to get the car running and driving for $15,000, he paid Tubby's an additional $3500 to "get it running."

Mr. Euler sought damages for the reasonable cost of completion ($8829.30), a rebate of the difference between the amount paid and the reasonable value of the repairs ($9250), and a towing fee ($44). Without objection, Mr. Euler submitted an estimate from Mahoney Auto Repair into evidence, reflecting that the car required $8829.30 in additional mechanical repairs. Mr. Euler's expert testified that Tubby's had completed only 50% of the work for which Mr. Euler had paid.

The trial court entered a final judgment finding that Tubby's breached the contract. It awarded Mr. Euler $12,329.30 in damages, plus costs of $2899.65, for a

total of $15,228.95. The trial court did not elaborate on its damage calculation. Seemingly, the award is a combination of $8829.30 for the reasonable cost of completion and an additional $3500.

Analysis

Tubby's argues that the awarded damages exceeded the "cap" on damages, and erroneously combined inconsistent theories of recovery. Mr. Euler counters that the trial court properly awarded damages based on a benefit-of-the-bargain theory. He argues that the judgment consisted of the $8829.30 required to complete the mechanical repairs and the $3500 to complete the car's interior, which he maintains was necessary to make the car drivable.

We review "[a] trial court's determination as to the method of calculating damages . . . de novo." HCA Health Servs. of Fla., Inc. v. CyberKnife Ctr. of Treasure Coast, LLC, 204 So. 3d 469, 471 (Fla. 4th DCA 2016) (citing Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC, 183 So. 3d 374, 380 (Fla. 3d DCA 2013)). "[T]here must be some reasonable basis in the evidence to support the amount [of damages] awarded. Furthermore, it is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount." Camper Corral, Inc. v. Perantoni, 801 So. 2d 990, 991 (Fla. 2d DCA 2001) (alterations in original) (quoting Smith v. Austin Dev. Co., 538 So. 2d 128, 129 (Fla. 2d DCA 1989)).

When there is a total breach of contract, the nonbreaching party may affirm the contract, "insist upon the benefit of his bargain, and seek the damages that would place him in the position he would have been in had the contract been completely performed." Citizens Prop. Ins. Corp. v. Amat, 198 So. 3d 730, 734 (Fla. 2d DCA 2016) (quoting Rector v. Larson's Marine, Inc., 479 So. 2d 783, 784 (Fla. 2d DCA 1985)).

- 3 -

Under this benefit-of-the-bargain theory, "the proper measure of damages would be either the reasonable cost of completion, or the difference between the value the [repair] would have had if completed and the value of the [repair] that has been thus far performed." Rector, 479 So. 2d at 785.

Mr. Euler properly pleaded these alternative measures of damages. The final judgment suggests that the trial court chose to award the reasonable cost of completion. See Liddle v. A.F. Dozer, Inc., 777 So. 2d 421, 422 (Fla. 4th DCA 2000) (providing that the trial court can make "[a]n election between mutually exclusive remedies . . . at any time prior to the entry of judgment").

But Mr. Euler's evidence established that the reasonable cost of completion was only $8829.30. Mr. Euler never requested $12,329.30 as the reasonable cost of completion, nor did he request $3500 to complete the car's interior. Further, Mr. Euler testified that his contract with Tubby's did not require Tubby's to complete the car's interior. Consequently, Mr. Euler's damages should have been limited to $8829.30 plus costs. See Taylor v. Lee, 884 So. 2d 222, 224 (Fla. 2d DCA 2004) (holding that the trial court erred in awarding an amount of damages that included costs and expenses outside the scope of the breached contract).

Because the damage award exceeded the amount Mr. Euler requested and proved at trial, we reverse the portion of the final judgment awarding Mr. Euler $12,329.30 and remand for the trial court to enter a judgment consistent with this opinion.

Affirmed, in part, reversed, in part, and remanded with directions.

CRENSHAW and ROTHSTEIN-YOUAKIM, JJ., Concur.

- 4 -