# Third District Court of Appeal

## State of Florida

Opinion filed June 9, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-61
Lower Tribunal Nos. 16-20107 CC and 19-264AP

_____

**24 Hr Air Service, Inc.,**
Appellant,

vs.

**Hosanna Community Baptist Church, Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Law Office of Alexander Alvarez, and Alexander Alvarez and Anamari C. Del Rio, for appellant.

Pierre Simon, and Faudlin Pierre (Fort Lauderdale), for appellee.

Before LOGUE, LINDSEY, and GORDO, JJ.

LOGUE, J.

24 Hr Air Service, Inc. ("Contractor"), appeals from the county court's entry of final judgment in favor of Hosanna Community Baptist Church, Inc. following a bench trial. We affirm the county court's judgment that the Contractor anticipatorily breached the service agreement between the parties. However, we reverse the damage award because the court applied an improper measure of damages by awarding the Church the cost for installation of a new air conditioning unit, rather than the cost of repairing the existing unit as contemplated by the parties in the service agreement.

This dispute arises from a service contract between the parties involving repairs to a smoke detector and air conditioning unit. The Contractor, a licensed air conditioning company, agreed to repair the smoke detector and AC unit in the Church's building. The Church agreed to pay $765.00 for the smoke detector repair and $922.30 for the AC unit repair. After the Contractor's employees entered the church's attic to start the repairs, they realized that the wooden platform they were standing on was caving in and ran before part of the ceiling collapsed. After the ceiling structure was repaired by the Church, the Contractor refused to return and complete the agreed repairs to the smoke detector and AC unit for safety reasons. The Church sued the Contractor for refusing to complete the agreed repairs.

At the bench trial, Reverend Charles Dinkins testified on behalf of the Church. He confirmed that the Church had contacted the Contractor to repair the smoke detector and AC unit, that the repairs were never completed, and that the Church was willing and able to pay the agreed upon price after completion of the repairs.

Reverend Dinkins also testified regarding the amounts paid by the Church to complete the repairs to the smoke detector ($1,400.00) and the AC unit ($9,998.00). His testimony also revealed that the repair cost for the smoke detector was absorbed in the Church's annual security bill. Additionally, the repair cost for the AC unit included inspections from two service companies that suggested replacement of the AC unit.

Michael Dunn, corporate representative of the Contractor, testified that the Contractor refused to go back to perform the agreed repairs "because of safety reasons," and that he had requested proof of the ceiling repairs from the Church, which were never provided.[1]

---

[1] We note the trial court's findings of fact incorrectly states the Contractor "never requested . . . proof that the ceiling was repaired in a workmanlike condition." This fact, however, is undisputed as evidenced by Mr. Dunn's testimony at trial:

QUESTION: And then the Church contacts you to repair, to come back and complete the job, correct?

ANSWER: Yes.

QUESTION: And you said you wanted information that the ceiling was conformed to workman-like, correct?

3

The trial court entered final judgment in favor of the Church and awarded damages totaling $9,710.70 based on the difference between the agreed cost of repairs and the cost to complete the repairs paid by the Church. The Contractor now appeals.

### a. *Anticipatory Breach*

"In reviewing a final judgment rendered from a non-jury trial, the trial court's findings of fact are clothed with a presumption of correctness. We apply a clear error standard to the findings of fact, and a finding will not be disturbed unless it is totally unsupported by competent and substantial evidence, it is clearly against the weight of the evidence, or it was induced by an erroneous view of the law." La Ley Sports Complex at the City of Homestead, LLC v. City of Homestead, 255 So. 3d 468, 469 (Fla. 3d DCA 2018) (citations omitted). Moreover, the final judgment may be affirmed for reasons other than those articulated by the trial court. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644–45 (Fla. 1999) (explaining under "tipsy coachman" rule, when a trial court reaches the right result but

---

ANSWER: Yes.

\* \* \*

QUESTION: Did you request the church to provide you with proof that the repairs had been done?
ANSWER: Yes.
QUESTION: And did they provide that?
ANSWER: No.

4

for the wrong reasons, an appellate court may uphold the result if there is any basis to support the judgment in the record).

There is competent substantial evidence in the record to support a claim for anticipatory breach against the Contractor. "A prospective breach of contract occurs when there is absolute repudiation by one of the parties prior to the time when his performance is due under the terms of the contract. Such a repudiation may be evidenced by words or voluntary acts but the refusal must be distinct, unequivocal, and absolute." Mori v. Matsushita Elec. Corp. of America, 380 So. 2d 461, 463 (Fla. 3d DCA 1980). Moreover, repudiation can be shown where one party makes additional demands not included in the initial agreement:

> The law is clear that where one party to the contract arbitrarily demands performance not required by the contract and couples this demand with a refusal to further perform unless the demand is met, the party has anticipatorily repudiated the contract, which anticipatory repudiation relieves the non-breaching party of its duty to further perform and creates in it an immediate cause of action for breach of contract.

Twenty-Four Collection, Inc. v. M. Weinbaum Constr., Inc., 427 So. 2d 1110, 1111 (Fla. 3d DCA 1983) (internal citations omitted).

The Contractor's request that the Church provide safety assurances of the ceiling repairs constitutes an additional demand that was not agreed to

5

by the parties under the service contract.[2] Despite the Contractor's argument that it never abandoned the job, its demand for safety assurances coupled with its refusal to complete the agreed repairs until such assurances were provided was an anticipatory breach of the contract. See id. at 1111–12 ("A requirement of actual breach as a prerequisite for anticipatory breach would totally nullify the doctrine of anticipatory breach.").

Therefore, the trial court correctly entered final judgment for the Church on its claim for anticipatory breach as there is competent substantial evidence to support the judgment.

### b. Damages

"A trial court's determination as to the *method* of calculating damages is reviewed de novo." HCA Health Servs. of Fla., Inc. v. CyberKnife Ctr. of Treasure Coast, LLC, 204 So. 3d 469, 471 (Fla. 4th DCA 2016) (emphasis in original) (citing Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC, 183 So. 3d 374, 380 (Fla. 3d DCA 2013)). "There must be some reasonable basis in the evidence to support the amount of damages awarded. Furthermore, it is incumbent upon the party seeking damages to present evidence to justify

---

[2] Mr. Dunn confirmed that on the three occasions that the Contractor's employees, including himself, went up to the Church's attic before the ceiling collapsed, nobody asked for information regarding the safety of the ceiling's structure.

an award of damages in a definite amount." Tubby's Customs, Inc. v. Euler, 225 So. 3d 405, 407 (Fla. 2d DCA 2017) (citations and alterations omitted).

"When there is a total breach of contract, the nonbreaching party may affirm the contract, insist upon the benefit of his bargain, and seek damages that would place him in the position he would have been in had the contract been completely performed." Id. (citations omitted). "Under this benefit-of-the-bargain theory, 'the proper measure of damages would be either the reasonable cost of completion, or the difference between the value the repair would have had if completed and the value of the repair that has been thus far performed.'" Id. (quoting Rector v. Larson's Marine, Inc., 479 So. 2d 783, 785 (Fla. 2d DCA 1985)).

The trial court awarded the Church $9,710.70 in damages[3] "to place it in the position it would have been in had the contract been completely performed without any deficiency in said performance." To reach this figure, the trial court calculated the difference between the agreed repair cost and the cost of completion paid by the Church. The trial court did not further elaborate on its damage calculation.

---

[3] The damage award includes $635.00 for repair of the smoke detector and $9,075.70 for repair of the AC unit. The record shows the AC unit repairs paid by the Church were broken down between various invoices for diagnostic and repairs totaling $2,600.00, and for installation of a new AC unit including permits and fees totaling $7,398.00.

The Contractor argues that the damage award is outside the scope of the contract because the Church was put in a better position than that for which it had bargained for regarding the minor repairs. Specifically, it asserts the Church was awarded a brand-new AC unit and a year of service for its entire smoke detecting system. In support of its argument, the Contractor cites Campbell v. Rawls, 381 So. 2d 744 (Fla. 1st DCA 1980), in which the damages awarded to buyers in a breach of contract action based upon a warranty was limited to the repairs necessary to place an existing air-conditioning system in working condition. Although the contract in Campbell included a warranty, the same analogy can be applied to the facts of this case.

The record shows that the parties agreed to the repair of the smoke detector and AC unit integration that had been incorrectly installed by a different service company, which ultimately caused the AC unit to malfunction. As evidenced by the service agreements, the parties agreed on $765.00 for the smoke detector repair and $922.30 for the AC unit repair, totaling $1,687.73 in repair costs. The trial court, however, awarded the Church $635.00 for the smoke detector and $9,075.70 for the AC unit, for a damages award totaling $9,710.70—a roughly $8,000 difference over the agreed cost of repair in the service agreement.

8

We hold the Church was entitled to damages measured by the cost of repairing the existing AC unit, rather than by the cost of installation of a new system. Campbell, 381 So. 2d at 746 (holding that "damages recoverable by [plaintiffs] must be limited to the repairs necessary to place the existing system in working condition"). In a breach of contract action, "the purpose of compensation is to restore the injured party to the condition which he would have been in had the contract been performed." Id. (noting "damages which are the natural and proximate result of the breach are recoverable"). Therefore, the Church "can neither receive more than [it] bargained for nor be put in a better position than [it] would have been had the contract been performed." Id.

Based on the record evidence, the Church paid far more than to repair the existing AC unit. In addition to basic repairs, presumably to the existing AC unit, totaling $2,600.00, the Church ultimately paid over $7,000 for installation of a new AC unit with permits and fees, which should not be assumed by the Contractor. See, e.g., Taylor v. Lee, 884 So. 2d 222, 224 (Fla. 2d DCA 2004) (holding trial court erred in awarding an amount of damages that included costs and expenses outside the scope of the breached contract); Koplowitz v. Girard, 658 So. 2d 1183, 1184–85 (Fla. 4th

9

DCA 1995) (reversing and remanding for recalculation of damages where buyer "impermissibly received more than its bargain").

Accordingly, we affirm the final judgment entered against the Contractor, but reverse and remand for recalculation of damages consistent with this opinion.

Affirmed, in part; reversed, in part, and remanded for further proceedings.