[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10305

_____

OELRICH CONSTRUCTION, INC.,

Plaintiff-Counter Defendant-
Appellee,

*versus*

PRC PRECAST, LLC,

Defendant-Counter Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cv-00169-RH-GRJ

_____

Before WILSON, NEWSOM, and LAGOA, Circuit Judge.

PER CURIAM:

In this breach of contract action under Florida law, PRC Precast, LLC (PRC) appeals the district court's final judgment, after a bench trial, finding that Oelrich Construction, Inc. (Oelrich) properly terminated the parties' contract. PRC further appeals the district court's calculation of damages. After careful review, and with the benefit of oral argument, we find no reversible error.

**I.**

Oelrich was a subcontractor in a federal boiler-plant project in Gainesville, Florida. Oelrich was hired by the general contractor to construct the shell of the plant. Oelrich subcontracted with PRC to manufacture and install precast concrete slabs for the shell. A dispute arose from PRC's failure to timely manufacture the slabs. The parties kept extending the deadlines in the contract and, eventually, PRC expressed uncertainty about complying with the deadlines. After several delays, back-and-forth, and extended deadlines, Oelrich terminated the contract and hired a substitute to complete the job. Oelrich sent PRC an email asking for notification if the understanding was incorrect, and PRC failed to respond.

In an appeal from a bench trial, we review conclusions of law de novo. *PlayNation Play Sys., Inc. v. Velex Corp.*, 924 F.3d 1159, 1165 (11th Cir. 2019). We review factual findings under a clear error standard of review. *Id.* "A factual finding is clearly erroneous 'when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Morrissette-Brown* v. *Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).

## II.

PRC first argues that Oelrich breached the contract first by failing to satisfy three invoices for PRC's materials, excusing PRC's further performance. But the district court determined that PRC waived Oelrich's breach by thereafter accepting delayed payments, failing to inform Oelrich that it was suspending work because of the breach, and continuing to participate in arranging new installation dates. These findings are supported by the record. PRC has not shown clear error in the district court's factual findings that support the determinations that PRC's failure to perform was not excused by Oelrich's prior breach and that PRC breached the contract by non-performance.

PRC also argues that Oelrich failed to give twenty-four hours' prior notice of termination or a formal opportunity to cure, as provided in the parties' contract. But the district court determined that it was too late to cure performance and, given the circumstances at the time, PRC would have been unable to complete performance. Consequently, notice for an opportunity to cure was

not material as it would have been futile.[1] Upon consideration of the record, we cannot say that this determination is based on clearly erroneous findings.

## III.

In a separate order, PRC was ordered to pay $200,188.76 in damages. The court found that Oelrich was entitled to (1) 100% of the replacement contractor's setup price: $106,749.00; (2) 47% of the new contractor's manufacture price: $23,519.00; (3) the amount by which the replacement contractor's installation price exceeded PRC's: $21,083.00; (4) the damages caused by having to hire the new contractor as a replacement: $151,351.00; (5) and delay damages: $78,235.76. After applying offsets of $10,365.00 for improperly withheld retainage and $19,033.00 for the cost of disposing of materials already made by PRC, the district court arrived at the $200,188.76 total.

PRC argues on appeal that the district court mis-calculated damages for essentially the following three reasons: (1) damages were not proven by a reasonable certainty; (2) the damages should have been limited to the difference in price between PRC's contract and the replacement contractor's price, and (3) Oelrich did not prove "delay" damages with substantial evidence.

---

[1] "[T]he law does not require that a party to a contract take action that would clearly be futile." *Waksman Enters., Inc. v. Or. Props., Inc.*, 862 So. 2d 35, 43 (Fla. Dist. Ct. App. 2003).

We find no reversible error in the district court's calculation of damages. All that is required is that "the evidence affords a sufficient basis for estimating an amount in money with reasonable certainty." *United Steel & Strip Corp. v. Monex Corp.*, 310 So. 2d 339, 342 (Fla. Dist. Ct. App. 1975). "Where damages cannot be precisely determined, the trial judge is vested with reasonable discretion in making the award of damages." *Clearwater Assocs. v. Hicks Laundry Equip. Corp.*, 433 So. 2d 7, 8 (Fla. Dist. Ct. App 1983). The district court's findings upon which it based its damages calculation are not clearly erroneous, and the court calculated damages within the bounds of its discretion.

## IV.

We thus affirm the judgments of the district court.

**AFFIRMED.**

22-10305          Newsom, J., dissenting in part          1

Newsom, Circuit Judge, concurring in part and dissenting in part:

With one quibble, I concur in the Court's opinion.

Here's the quibble: I think the district court awarded Oelrich too much in manufacturing damages. It gave Oelrich $23,519, relieving the company of all but $4,516.39 of the cost of the manufacturing work left incomplete by PRC's breach.[1] Had PRC not breached, though, Oelrich would have paid it $20,415.39 to finish that work. The district court's award thus left Oelrich paying less for manufacturing than it would have paid had PRC performed.

As I understand things, that's not lawful. A party who has suffered a breach of contract "is not entitled to be placed, because of that breach, in a position better than that which he would have occupied had the contract been performed." *School Bd. v. Pierce Goodwin Alexander & Linville*, 137 So. 3d 1059, 1070 (Fla. 4th Dist. Ct. App. 2014) (quoting *Lindon v. Dalton Hotel Corp.*, 49 So. 3d 299, 305 (Fla. 5th Dist. Ct. App. 2010)). The district court's award impermissibly put Oelrich in a position better than it would have been in had PRC performed. I would reverse to the extent that it did so.

---

[1] $4,516.39 is what Oelrich paid PRC for manufacturing work that PRC never finished. Through October 2019, PRC billed $27,538 in manufacturing costs. *See* Doc. 55-2 at 4; Doc. 96 at 11. PRC effectively paid those bills—because the district court offset Oelrich's damages award by the unpaid portion. *See* Doc. 98 at 7. The 53% of the manufacturing that PRC completed cost $23,021.61—53% of the total manufacturing cost, $43,437. *See* Doc. 98 at 2–3, 4. The difference between these figures, therefore—$4,516.39—is all that Oelrich actually paid toward the uncompleted portion.