# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0552
Lower Tribunal No. 20-23463-CA-01
_____

**Universal Property & Casualty Insurance Company,**
Appellant,

vs.

**Calitza Diaz-Torres, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Link & Rockenbach, PA, and Kara Rockenbach Link and David A. Noel (West Palm Beach), for appellant.

The Nation Law Firm and Mark A. Nation and Paul W. Pritchard (Longwood), for appellees.


Before EMAS, MILLER and LOBREE, JJ.

LOBREE, J.

Universal Property & Casualty Insurance Company ("Universal") appeals an amended final judgment entered in favor of Calitza Diaz-Torres and Adrien Torres ("the Torreses"). On appeal, Universal raises three issues. We affirm the first two issues without further discussion. We address the final issue in which Universal asserts the trial court abused its discretion in denying its motion for remittitur because the amount of the verdict was unsupported by the evidence adduced at trial. We agree and reverse.

The Torreses suffered property damage to their home in 2017. The home was insured under a policy with Universal. Following an inspection, Universal adjusted the claim and prepared an estimate finding the actual cash value of the loss totaled $29,527.06. The Torreses sued for breach of contract asserting Universal underestimated the actual cash value of their loss. At the jury trial, Universal presented its field adjuster's estimate of $29,527.06 as evidence of damages. To prove their damages, the Torreses called a plumbing expert, who provided an estimate of $40,680 (subtracting $1,800 that the plumbing expert admitted was for replacement pipes). The Torreses also called their public adjuster, who testified the Torreses suffered damages totaling $224,810.66. However, the public adjuster later admitted this damages number included costs to match undamaged property multiple times. When pressed, the public adjuster testified he could not offer an

estimate of damages with the matching costs subtracted. The public adjuster's estimate was then excluded from evidence due to his admission.

Following the parties' closing arguments, the jury rendered a verdict in favor of the Torreses in the amount of $225,000. Universal later moved for remittitur, which the trial court denied. The trial court entered final judgment in favor of the Torreses and Universal appealed.

"The standard of review for . . . a motion for remittitur is abuse of discretion." Publix Super Mkts., Inc. v. Bellaiche, 245 So. 3d 873, 875 (Fla. 3d DCA 2018). Under section 768.74, Florida Statutes (2023), remittitur is appropriate where a court finds that the amount awarded in damages is excessive. Section 768.74(5) provides:

> (5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;

3

(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.74(5), Fla. Stat. Generally, "[t]rial courts are accorded considerable discretion in ruling on motions for remittitur and/or new trial when they are of the belief that a verdict award fails to comport with the evidence." Zambrano v. Devanesan, 484 So. 2d 603, 607 (Fla. 4th DCA 1986). "A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial. If the jury verdict is excessive, remittitur is an appropriate remedy." Rivard v. Gioia, 872 So. 2d 947, 948 (Fla. 5th DCA 2004) (citation omitted).

In this case, the only competent evidence of damages offered to the jury were the damage estimates from Universal's field adjuster and the Torreses' plumbing expert, totaling $70,207.06 in damages. The Torreses' public adjuster's $224,810.66 estimate was not competent evidence because it erroneously included matching costs. Both parties agree that under the terms of the policy, the Torreses were entitled to recover the actual cash value of the loss and that matching costs are not included in that amount. See Citizens Prop. Ins. Corp. v. Manor House, LLC, 313 So. 3d 579, 582 (Fla. 2021) ("[T]he contractual amount due to the insured is the

4

amount owed pursuant to the express terms and conditions of the policy."); Citizens Prop. Ins. Corp. v. Salazar, 388 So. 3d 115, 118 (Fla. 3d DCA 2023) ("[P]rojected matching costs are not included as part of the actual cash value of an insured loss and an insurer is only obligated to pay such costs as the repairs are performed."). The public adjuster admitted at trial that his estimate included costs to match undamaged property, and he could not offer an estimate of damages with the matching costs subtracted.

Under Florida law, the "[p]laintiff has the burden of presenting evidence justifying a specific and definite amount of economic damages." United Auto. Ins. Co. v. Colon, 990 So. 2d 1246, 1248 (Fla. 4th DCA 2008). At trial, the Torreses failed to proffer any testimony detailing why the public adjuster's $224,810.66 estimate was accurate despite its inclusion of erroneous matching costs. The jury could not simply accept the public adjuster's estimated damages because there was no way for the jury to reach that figure without engaging in improper speculation. See Kennedy & Ely Ins., Inc. v. Am. Emps. Ins. Co., 179 So. 2d 248, 249 (Fla. 3d DCA 1965) ("Before damages may be awarded there must be evidence authorizing or justifying the award of a definite amount, which cannot be predicated upon pure speculation."); Salazar, 388 So. 3d at 118 (reversing where "there was no

5

way for the jury to parse the estimate to determine the actual cash value figure without improper guessing and speculation").

Accordingly, we affirm the final judgment but reverse the denial of Universal's motion for remittitur and direct the trial court on remand to issue a remittitur of damages to $70,207.06, consistent with this opinion.

Affirmed in part, reversed in part, and remanded with instructions.